### In re APEX OIL COMPANY, et al., Debtors.

### In re UNITED STATES of America DEPARTMENT OF ENERGY, Claimant.

### Bankruptcy Nos. 87–03804–BSS, 87–03818–BSS and 87–03805–BSS.

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 3, 1988.

Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo., J. Christopher Kohn, Tracy J. Whitaker, Charles Stodghill, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Arthur S. Weissbrodt, Charles P. Neuffer, III, Commercial Litigation Div., Economic Regulatory Admin., U.S. Dept. of Energy, Washington, D.C., for claimant.

Arnold M. Quittner, Robert Jay Moore, Gendel, Raskoff, Shapiro & Quittner, Clayton, Mo., Arnold M. Quittner, Robert Jay Moore, Paul S. Aronzon, Gendel, Raskoff, Shaprio & Quittner, Los Angeles, Cal., Dennis A. Ferrazzano, Barack, Ferrazzano and Kirschbaum, Chicago, Ill., for debtors.

Gregory D. Willard, Laurence M. Frazen, Bryan, Cave, McPheeters and McRoberts, St. Louis, Mo., Stephen J. Blauner, David C.L. Frauman, Milbank, Tweed, Hadley and McCloy, New York City, for The Lender Group.

Lloyd A. Palans, Gallop, Johnson and Neuman, Examiner, St. Louis, Mo.

Steven N. Cousins, Armstrong, Teasdale, Kramer, Vaughan & Schlafly, St. Louis, Mo., for Unsecured Creditors Committee.

### ORDER REGARDING ESTIMATION OF CLAIMS THROUGH SUMMARY TRIAL

BARRY S. SCHERMER, Bankruptcy Judge.

On December 24, 1987, Apex Oil Company, Apex Holding Co., Clark Oil & Refining Corporation (herein collectively referred to as the "Debtors") and 49 other affiliated companies filed voluntary Chapter 11 Petitions which were subsequently consolidated for procedural purposes only. On August 3, 1988, the United States Department of Energy (hereinafter referred to as "Claimant") filed the following claims (hereinafter collectively referred to as the "Claims"):

| Claimant | Debtor | Claim No. | Amount of Claim |
|---|---|---|---|
| United States Department of Energy | Clark Oil & Refining Corp. | 2193 | $350,000,000.00 |
| United States Department of Energy | Apex Holding | 12 | $350,000,000.00 |
| United States Department of Energy | Apex Oil Co. | 1024 | $350,000,000.00 |
| United States Department of Energy | Apex Oil Co. | 1025 | $350,000,000.00 |

On April 13, 1988, the Debtors filed an objection to the Claimant's Claims and a motion requesting inter alia, estimation of such Claims. Both the Debtors and the Creditors' Committee (hereinafter referred to as the "Objectors") objected to the Claims. On September 16, 1988, this Court entered an Amended Order in Motion No. 04–44 granting Debtors' prayer for estimation, having found it necessary to estimate the Claims in order to avoid the delay and expenses associated with a full administrative and judicial liquidation of the Claims. Pursuant to these findings, this Court hereby establishes procedures for estimating the Claims asserted against the estates of

the Debtors under Section 502(c) of the United States Bankruptcy Code. The estimation trial will fix the amount of the Claims allowed in these Chapter 11 proceedings for liquidation and distribution purposes under a plan.

On September 22, 1988, the Court convened a hearing pursuant to its Order of September 16, 1988. The hearing was attended by counsel for the Debtors, the Claimant, the Creditors' Committee, the Lender Group and the Examiner. The purpose of the hearing was to elicit from the parties their suggestions and recommendations with respect to the procedures to be followed in the estimation process. Prior to this hearing, the Debtors filed a proposed order detailing the procedure the Debtors believe should be implemented. The Court inquired of the Claimant if it wished to file a proposed order. The Claimant was granted until September 28, 1988 to file its proposal. By telephone request on September 29, 1988, the Claimant sought additional authority to file its proposed order on September 29, 1988 which the Court granted. The Claimant, however, elected not to file a proposed order within the extended deadline.[1]

The Court believes there are approximately a half a dozen major components comprising the Claims. Each component may have numerous elements. In order to assist the Court in placing a value upon the Claims, the amount of each component must be determined. Consequently, the Court shall require each party to designate a value to each component of the Claims which shall consist of two parts: the amount of the component, if any, and interest, if any, which may have accrued. This will afford the parties an opportunity to prepare and present their case and assist the Court in estimating the total amount of the Claims. Accordingly, the Court expects the evidence to support the amount assigned by each party to each component.

While the Court reserves the right to fix the claim at any amount, the Court may be inclined to accept one party's designations with respect to the value of each component. Accordingly, the Court expects the parties will realistically appraise their respective positions. "Regardless of whether a court applies a 'generous and liberal' standard or a 'reasonable' one, the result can only be an estimate. An estimation necessarily implies no certainty; it is not a finding or a fixing of an exact amount. It is merely the Court's best estimate for the purposes of permitting the case to go forward and thus not unduly delay the matter." *In re Nova Estate Investment Trust*, 23 B.R. 62, 66 (Bankr.E.D.Virginia 1982).

Furthermore, it is necessary to emphasize that the estimation process is not an accelerated trial. Nor is it a full trial on the merits. Rather, it is a means by which the parties offer evidence from which the Court estimates the Claims without exactitude. "Until such liquidated claims are entered into the bankruptcy court's rubric under § 1229, the bankruptcy court is not in a position to approve the plans feasibility." *Matter of Pizza of Hawaii, Inc.*, 40 B.R. 1014, 1017 (D.C.1984).

The Court believes the Examiner may be of assistance to the parties in facilitating discovery and mediating a resolution to the ultimate issue of valuating the Claims. Accordingly, the Examiner is authorized and directed to attend all meetings between the parties and to encourage resolution of disputes which may arise in the course of the parties' preparation for the hearing. While the Court recognizes the limitation of authority of an Examiner, his full participation in the days leading to trial may

---

1. Debtors' general bankruptcy counsel and special energy counsel attended the September 22, 1988 hearing. The Claimant was represented by its counsel, its local counsel, and a representative from the Department of Energy. At the hearing the Court sought the views of the parties in an informal discussion on the record which lasted approximately one hour. While the Debtors were prepared to discuss procedures to be followed and were in a position to fully respond to the Court's questions, the Claimant was unable to fully advise the Court of its position because its "decision maker" was not present. Thus this Court has solicited the views of the Claimant both at a hearing and through an opportunity to submit a proposed order. The Claimant filed a Memorandum on September 30, 1988.

lessen the tensions existing between the parties.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7016, and 11 U.S.C. § 502(c), the Court hereby orders that the following summary trial procedures shall apply for estimation of the above cited Claims:

PRE-TRIAL PROCEDURES

I.  Stipulation

1.  The Claimant and Objectors shall meet, identify and stipulate in writing to the primary components of the Claims.[2]

2.  Components listed shall be identified by Roman Numerals.

3.  This list shall be filed with the Court on or before October 14, 1988.

4.  If the parties are unable to agree upon all of the components comprising the Claims, they shall file with the Court and serve upon the Examiner such stipulated list of components which have been agreed upon. Additionally each party and the Examiner shall file with the Court a concise list of components they believe should be included as comprising the Claims. Each party and the Examiner shall simultaneously file with the Court a memorandum in support of their respective lists, which shall not exceed two (2) pages (including exhibits) per proposed component. The memorandum in entirety (including the list and exhibits) may not exceed ten (10) pages. All lists and memoranda under this paragraph shall be filed with the Court on or before October 19, 1988.

II.  Statement of Claim

5.  Claimant shall identify with particularity all the elements of each component, in a numbered list. This list shall be filed with the Court and served upon opposing counsel and the Examiner no later than October 28, 1988.

2.  The Debtor has been a party of administrative proceedings initiated by the Claimant for several years. Accordingly, the Debtor is in a posi-

6.  Each element of Claimant's list should refer to the specific regulations upon which the element is based.

III.  Objections

7.  The Objectors shall jointly file a Response to the Claimant's list by either admitting or denying each element. With respect to each denial, the Objectors shall state the reason for such denial. The Objectors shall also admit or deny the applicability of the specified regulation. This Response is to be filed with the Court and served on opposing counsel and the Examiner no later than November 9, 1988.

8.  Any element of Claimant's list not specifically objected to shall be deemed admitted for purposes of this estimation proceeding.

IV.  Discovery

9.  All parties shall be permitted to utilize full discovery procedures pursuant to Rules 27–37 of the Federal Rules of Civil Procedure, except that the total number of interrogatories propounded to each party shall be limited to twenty (20) pursuant to Rule 8(A) of the United States District Court Rules for the Eastern District of Missouri.

10.  On or before November 16, 1988, all parties shall file with the Court a list of witnesses to be called to testify at the estimation trial. All persons identified as witnesses shall attend the trial regardless of whether he or she is called to testify by the offering party.

11.  No witnesses other than those listed may testify at the estimation trial.

12.  On or before December 14, 1988, all parties shall file with the Court and serve on opposing counsel their proposed findings of fact and proposed conclusions of law. Each shall be listed under the component of the Claims to which it applies.

13.  On or before December 14, 1988, each party shall file with the Court and serve upon opposing counsel and the Exam-

tion to advise the Court of its understanding of the components of the Claims.

iner a trial brief, not to exceed 30 pages in length, (including exhibits).

14. On December 14, 1988, each party shall file with the Court a written list of the components comprising the claim (see paragraphs 1 and 4 above). Each party shall assign to each component a value which they believe represents the allowed amount of such component, plus interest, if any, which may have accrued.

15. Any objections to discovery (e.g. interrogatories, requests, etc.) shall be made within five (5) business days of receipt of such discovery requests and parties will be available for expedited hearings to resolve such objections.

## V. Examiner

16. The Examiner shall receive and monitor all written discovery and attend all depositions and meetings between the parties. The Examiner shall also attend the estimation trial.

17. The Examiner is charged with facilitating compliance with this Order within the context of his role as mediator. He shall continue his efforts to encourage settlement of this matter.

## TRIAL PROCEDURES

## VI. Trial Structure

18. The estimation trial shall commence on December 21, 1988.

19. Claimant shall have a total of six (6) hours to present its case to the Court. The Objectors (collectively) shall have a total of six (6) hours to present their case to the Court.

20. The oral presentation shall be organized in the manner of a typical trial:
   A. Each party shall make an opening statement and then present their respective case-in-chief in accordance with paragraph 21 below.
   B. The attorneys may identify available witnesses, comment on any evidence and quote directly from depositions, interrogatories, requests for admissions, documentary evidence, and sworn statements of potential witnesses (hereinafter "Attorney Presentation"). However, witnesses-testimony or documentary evidence may not be referred to unless the reference is based upon one of the products of the various discovery procedures or upon a written sworn statement of the witnesses if such witness is in the Courtroom.
   C. Each party may present testimony through witnesses.
   D. Objections to Attorney Presentations will be received based upon counsel going beyond the limits of propriety in presenting statements as to evidence of argument thereon. All evidence presented or described by counsel shall be admissible if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence, except that counsel may not introduce evidence if its probative value is substantially outweighed by the danger of undue prejudice or confusion of the issues.

21. The parties are free to divide their allotted time among the above segments as they see fit, but in no event shall the total time allotted to each party exceed six (6) hours.

22. Each party will have 45 minutes additional time within which to make any concluding remarks.

23. Each party must be represented at trial by an individual with full settlement authority and a thorough knowledge of the case. This individual must be present throughout the estimation trial. This requirement can be waived only by order of the Court and upon a showing of extraordinary circumstances.

24. Objectors shall number their trial exhibits with Arabic numbers. Claimants shall number their exhibits with letters. Joint exhibits shall be marked in Roman numerals. The parties shall exchange copies of their binders (identified in paragraph 25 below) and shall provide the Court with three (3) copies of each set, on or before December 14, 1988.

25. All exhibits shall be organized in the following manner:

A. All evidence supporting a component shall be bound together in a binder and identified by a Roman numeral corresponding to the Roman numeral assigned to that component under paragraph two (2) above.

B. Each binder shall be organized by the element of each component. Each binder shall contain an index listing the evidence therein and listing the proposed findings of fact and conclusions of law which each exhibit supports. Binders shall be filed with the Court on or before December 14, 1988.

C. Each binder shall contain a brief statement, not to exceed five (5) pages, summarizing the evidence therein.

D. Claimant's binders shall be under red cover.

E. Objectors' binders shall be under blue cover.

F. Portions of exhibits extrinsic to the element of a component shall be eliminated from the binder (e.g. only that portion of an affidavit, deposition or document supporting an element may be included in the binder).

26. Any pleading submitted shall bear the style as set forth on page one of this Order.

27. The Court reserves the right to order specific supplemental procedures, modification of these procedures or other relief for particular claims upon written motion of any party involved in the hearing of such claims.