THE STATE *vs.* JAMES COSTELLO.

Hartford Dist., Jan. T., 1892. CARPENTER, SEYMOUR, TORRANCE, J. M. HALL and ROBINSON, Js.

An appeal to this court on the ground of errors in the trial and conviction of the appellant in a criminal prosecution in a lower court, is not itself, in any proper sense, a criminal proceeding.

Therefore a bond for costs given on the appeal by the appellant's attorney in the case is not invalidated by the statute (Gen. Statutes, § 1614), which provides that "no attorney-at-law shall be permitted to become

State *v.* Costello.

recognized or give any bond in any criminal action or proceeding in which he shall be interested as attorney."

Argued January 7th—decided February 29th, 1892.

APPEAL to this court from a conviction upon a criminal prosecution in the Superior Court in Tolland County. The state's attorney in this court filed a plea in abatement of the appeal, on the ground that the appellant had not given a bond on his appeal as required by law. The defendants traversed this plea, and the case was argued only upon this question.

*B. H. Bill*, State's Attorney, in support of the plea.

*W. C. Case, contra.*

TORRANCE, J. The appellant having been prosecuted for a crime in the court below and found guilty, brought his appeal to this court under the statute. To that appeal the state has interposed a plea in abatement, founded on the admitted fact that when the appeal was taken and allowed no bond or recognizance for costs was given by the defendant, other than that of one of the attorneys-at-law who defended him in the criminal action. The questions now to be considered are those arising upon this plea in abatement.

The state claims that such a bond being in direct contravention of the statute is void, or at least voidable, and hence that the appeal was not properly taken. In answer to this the defendant claims, first, that the bond is not in contravention of the statute; and second, that, if so, another bond was given by order of the judge who tried the case, within a time limited by him, under the power given him for such purpose by the statute relating to appeals to this court. The state denies that the trial judge had the power to extend the time for giving bond under the facts and circumstances disclosed by the record.

Whether the judge had the power to extend the time for

filing a bond under the facts as they appear of record, is a question of some considerable importance in point of practice, but as it was not argued before us at any length, and the decision of it is unnecessary in the present case in view of the conclusion reached upon the other point, we purposely leave it undecided, and pass it without further comment.

The only question we propose to consider here is, whether the bond given at the time of the appeal to this court is a valid bond, for, if it is, the state concedes that the appeal was properly taken and allowed.

The statute in question reads as follows :—" No attorney-at-law shall be permitted to become recognized or give any bond in any criminal action or proceeding in which he shall be interested as an attorney." Gen. Statutes, § 1614.

The state claims that this act makes the bond here in question void, or voidable, and hence that the appeal should abate. This claim is, of course, based upon the assumption that such bond was given in a criminal action or proceeding, within the meaning of the statute. If the assumption is true, the claim may perhaps well stand ; but if not, then the claim is without support. We think the assumption is not true.

In the first place, it must be admitted that the act in question is one clearly in derogation of a common private right. According to the claim of the state, it disables a certain class of persons of full age, of sound mind, and in all respects legally capable of entering into a contract, from making a certain class of contracts. Such statutes are to be construed strictly and in favor of the right. They are not to be construed as taking away such a right in a given case, unless the intention to do so is manifest. *Smith* v. *Spooner*, 3 Pick., 229 ; Sutherland on Stat. Construction, § 400.

In the next place, we need hardly invoke the aid of this rule of construction in this case, for the statute itself in express terms limits the class of obligations which an attorney in certain circumstances shall not be permitted to make, to bonds or recognizances given " in any criminal action or proceeding."

The state assumes that the bonds and recognizances here mentioned include mere obligations for costs, like the one in question here, as well as obligations for the appearance of one charged with a crime. Now if, for the sake of the argument merely, we concede this assumption to be correct, the questions remains—was the bond in question given in a criminal action or proceeding? We think it was not. It is true that the proceeding in which it was given arose out of and was occasioned by a criminal action, but from this it does not of course follow that this subsequent proceeding is either a criminal action or a criminal proceeding.

If in a probate proceeding or a proceeding in equity tried in the Superior Court, the plaintiff or defendant subsequently brings the rulings or decision of that court for review before this court by appeal, those subsequent proceedings are not, at least in any strict sense of the words, either probate proceedings or equitable proceedings.

For the present purpose it is sufficiently accurate to say that a criminal action or proceeding is one instituted and prosecuted by the state for the punishment of crime. In such a proceeding the state is actor, plaintiff, and *dominus litis*, and one of the immediate purposes of the proceeding is to secure the conviction of the criminal in order to punish him for his crime.

Now, under our law, after the state has accomplished this immediate purpose, it permits the person so convicted, if he sees fit, to bring the record of the criminal proceedings before this court, to the end that any errors of law shown by the record may be corrected. In this subsequent and ulterior proceeding the defendant in the criminal action becomes actor, plaintiff, and *dominus litis*. It is instituted and prosecuted by him at his pleasure for the correction of a private wrong which he alleges was done to him in the trial of the criminal action. These subsequent proceedings can be taken by writ of error, or, under our present statute, by way of appeal; the latter being but a substitute for the former in a case like the one at bar. *Schlesinger* v. *Chapman*, 52 Conn., 271; *Brewster* v. *Cowen*, 55 id., 152.

State *v.* Costello.

If the appellant had brought a writ of error instead of proceeding by way of appeal, might not his attorney have become recognized for the costs upon the writ of error? We see nothing in the section in question forbidding him to do so. Such proceedings, whether brought by way of appeal or by writ of error or otherwise, have none of the marks or characteristics of a criminal action or proceeding, as these words are ordinarily used, or as used in the section under consideration.

In the case at bar the criminal action had been prosecuted to an end and had resulted in the conviction of the appellant. Subsequently he took measures to bring the record of that criminal action before this court, for the purpose of having any errors therein prejudicial to him corrected. It was in that proceeding of a private nature, instituted for a private end, that the bond in question here was given, and not in the criminal action, which had in fact terminated, and must have been at an end before he could bring the record of it here for review. It was a proceeding brought by a private individual for his own benefit, to a court having, properly speaking, no criminal jurisdiction, for the redress of a private wrong claimed to have been done to him in the trial of a criminal action. Whatever may be the precise nature of such a proceeding, whether brought by writ of error or by way of appeal, we think it quite clear that it is neither in substance nor in form a criminal action or proceeding, and that it cannot with any propriety be classed with such actions or proceedings. *Cohen* v. *Virginia*, 6 Wheat., 410.

For these reasons we think the bond given when the present appeal was taken and allowed was a valid bond, and that the plea in abatement should be dismissed.

In this opinion the other judges concurred.