## In re BIRDWELL.

### No. 3923.

District Court, N. D. Texas, at Dallas.

May 9, 1939.

C. M. Whitehurst, of Dallas, Tex., for bankrupt.

Fred J. Dudley, of Dallas, Tex., for trustee.

ATWELL, District Judge.

The bankrupt was adjudicated on February 21st, 1939. In his schedules of indebtedness, he listed a three hundred-dollar debt to the Ouachita National Bank of Monroe, Louisiana.

On April 8th, 1939, that bank made a complaint to the assistant district attorney, which official filed an information against the bankrupt, charging that, on or about December 16th, 1938, he did, "unlawfully, willfully, feloniously, and knowingly, make a false statement in writing, to the Ouachita National Bank in Monroe, with the intent that said statement should be relied upon as representing the financial condition and ability to pay, of himself, for the purpose of making a loan for $300.-00 for the benefit of himself, contrary to the statutes of the state of Louisiana." Bond was fixed at the sum of $750.

Later, Louisiana officials appeared at Dallas for the purpose of taking the bankrupt into custody, and the referee issued a restraining order on April 19th, 1939.

On April 25th, 1939, he felt that he had acted hastily, and was in error, and set that order aside.

This latter hearing was had without any pleadings, but some testimony was taken. The assistant state attorney for the state of Louisiana, was present, and testified to the making of the affidavit, and the institution of criminal proceedings against the bankrupt in that state. That testimony discloses that the bankrupt is charged with the commission of a crime under the code of Louisiana; punishment is not more than five years in imprisonment, with, or without, hard labor, and a fine not exceeding one thousand dollars, or both, at the discretion of the court.

The offense is a felony. An indictment is not necessary, since anything short of a capital offense may be charged by information in that state. The procedure is the regular criminal procedure there.

Requisition was made on the Governor of Texas, for the bankrupt, but that official, after the hearing, denied extradition, for the time.

The testimony further shows that even if the $300.00 were paid the bank, the criminal charges would not be dismissed by the state's attorney.

The statute does not authorize the restraint of officers who are seeking to make an arrest under a criminal warrant—it merely relates to "civil process." Section 9, Bankruptcy Act, 11 U.S.C.A. § 27; General Orders 12 and 30, 11 U.S.C.A. following section 53. Civil action is one for the redress of private wrongs, or the recovery of private rights, such as contempt, mandamus, habeas corpus. A criminal action is the process of the law to bring an offender to justice. Texas Jurisprudence, Vol. 1, page 614; In re Adler, 2 Cir., 144 F. 659; Coxe's Executor v. Martin, 44 Pa. 322. Civil right is the right of the citizen. Civil process is his process which he may control. Civil process pertains to citizens in their ordinary capacity, and not to governmental activity.

■ The referee was right in setting aside the restraint. He was wrong in saying the claim of the bank was "dischargeable," if made by fraud. Sec. 17, subd. (2) Bankruptcy Act, 11 U.S.C.A. § 35, subd. (2).