EDWARD H. HART *v.* BOARD OF EXAMINERS OF EMBALMERS OF THE STATE OF CONNECTICUT.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 14—decided May 22, 1942.

*Joseph G. Shapiro* and *James J. A. Daly,* for the appellant (plaintiff).

*Thomas J. Conroy,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

JENNINGS, J.   This case involves the construction of our statutes defining the rights and duties of the board of examiners of embalmers, hereinafter referred to as the board.   The facts are simple and undisputed.

On September 16, 1940, the plaintiff applied to the board for a funeral director's license. The board denied the application on September 21, 1940, on the ground that the plaintiff was not a relative coming within the provisions of General Statutes, § 2865, which permits the transfer of the financial interest of an undertaker or embalmer who dies or becomes permanently incapacitated to any person connected with him by blood or marriage, provided the transferee has applied for and received an undertaker's license. He was also notified that in order to engage in business as a funeral director he must obtain an embalmer's license. By complaint dated October 8, 1940, the plaintiff sought a declaratory judgment asking whether a license was required to permit the plaintiff to enter the business of funeral director, and, in the event that it was required, whether the board should issue it without requiring any qualifications as to embalming, with a claim for additional relief in the way of an order directing the board to issue a funeral director's license to him. After the trial but before judgment, Chapter 325 of the Public Acts of 1941 (General Statutes, Sup. 1941, §§ 496f-505f) was enacted and this materially changed the law as to the licensing of funeral directors and embalmers. On these facts the trial court concluded that the board could issue an original funeral director's license only to a relative coming within the provisions of General Statutes, § 2865, that the failure of the plaintiff to qualify in that respect was the sole reason for the denial of his application, that the plaintiff was required to have a license before engaging in the business of funeral director, and that, in order to receive it, he must meet the requirements of the 1941 act. The court did not answer the question whether the board was justified in requiring that an applicant for a license as funeral director should

also obtain a license as an embalmer, presumably because it became academic when the action of the board was sustained on the ground stated.

As we view the case, the preliminary question is whether the 1941 act is retrospective in its operation so as to govern the rights of the parties. The application was made on September 16, 1940. The plaintiff claims that his right to receive a license should be determined upon the basis of the law as it stood on that date, no doubt with the intention then to claim that a decision in his favor upon that point would relate back to the time when his application was before the board for action and he would be in a position to take advantage of the provision in § 498f of the 1941 act, that "Each holder of a funeral director's license issued by the board July 1, 1941, shall be entitled to a renewal of such license, without examination, upon application to the board and payment of the prescribed fee." If the change made in the 1941 act affected substantive rights, the law in force when the application was made would govern (*Massa* v. *Nastri*, 125 Conn. 144, 147, 3 Atl. (2d) 839; *Loew's Enterprises, Inc.* v. *International Alliance of T.S.E.*, 127 Conn. 415, 418, 17 Atl. (2d) 525; General Statutes, § 6572), but if the change related to procedural matters the act might affect the rights of the plaintiff in this action, which was pending when the law was passed. *Toletti* v. *Bidizcki*, 118 Conn. 531, 536, 173 Atl. 223; *Loew's Enterprises, Inc.* v. *International Alliance of T.S.E.*, supra. An examination of General Statutes, Sup. 1941, §§ 496f-505f, discloses that the law with reference to licensing funeral directors and embalmers is practically rewritten. Many new definitions, requirements and refinements are introduced. It affected the substantive rights of any person seeking a license as a funeral director. There is nothing in the law itself which indi-

cates that it is intended to be retrospective in its operation. It restricts a common right (*Wyeth* v. *Cambridge Board of Health*, 200 Mass. 474, 478, 86 N. E. 925, 23 L. R. A. [N. S.] 147) and thus derogates from the common law and should be strictly construed in favor of the right. *State* v. *Costello*, 61 Conn. 497, 499, 23 Atl. 868. It follows that the 1941 act was not retrospective in operation and that the rights of the parties are governed by the law in existence at the time the application was made.

The sections of the statutes relevant to the issuance of an original license as funeral director are contained in General Statutes, Chap. 162, as amended by General Statutes, Cum. Sup. 1935, Chap. 162. These statutes define the rights and duties of the board, funeral directors and embalmers in considerable detail and evince a legislative intent that both shall be licensed and that there shall be two kinds of licenses, one for funeral directors and another for embalmers. This definitely appears from the fact that there are different provisions in §§ 2857 and 2859 governing the renewal of the two types of licenses and from § 2861, which provides that the board shall forward to local officials of the towns "two printed lists, duly verified, one containing the names of all licensed undertakers [now called funeral directors] and one the names of all licensed embalmers." When search is made for the conditions on which a funeral director's license shall be issued, the only relevant section is § 2865. This provides that the board shall issue such license when application is made therefor on the ground that the former licensee is dead or disabled and that his financial interest has been transferred to the applicant who is related to him by blood or marriage.

The plaintiff admits the propriety of licensing both funeral directors and embalmers under proper safe-

guards and for proper purposes but claims that this particular requirement for the licensing of funeral directors is void as unconstitutional as an unlawful classification. No extended argument is necessary to support this proposition. The effect of the provision, literally interpreted, would be to restrict the issuance of original licenses to a small class of persons, defined as relatives of deceased or disabled funeral directors. This classification has no reasonable relationship to the objectives of the legislation and would result in granting exclusive privileges in the conduct of an ordinary lawful business, in respect to which the government has no exclusive prerogative, and is therefore obnoxious to the first section of the Bill of Rights and void. *State* v. *Conlon,* 65 Conn. 478, 491, 33 Atl. 519. The provision cannot be sustained under the police power since the condition established, issuance of a license to a relative, can have no possible relation to public health, safety or welfare, the necessary test. *State* v. *Hillman,* 110 Conn. 92, 100, 147 Atl. 294. As the statutes lay down no other governing principle or rule in accordance with which the board would have to proceed in determining whether a particular person is qualified to receive a license, any requirement for its issuance upon such a basis would be unconstitutional and void. *State* v. *Stoddard,* 126 Conn. 623, 628, 13 Atl. (2d) 586; *Connecticut Baptist Convention* v. *McCarthy,* 128 Conn. 701, 704, 25 Atl. (2d) 656; note, 92 A. L. R. 400.

It does not follow that no license is required of funeral directors. These men perform an important function and have the duty cast upon them by statute of making out the certificate required by General Statutes, § 341. Moreover, the board is required by § 2860 to report to the state department of health the name and residence of each person to whom it issues a

license, and by § 2864 the board is authorized to inspect any building occupied or equipment used by licensed undertakers and, if these are found in an unsanitary condition, to revoke or suspend the license. Some means of identification is desirable and, with the discriminatory feature of the statute eliminated, there is no good reason why it cannot be given effect for that purpose. *Cotter* v. *Stoeckel,* 97 Conn. 239, 243, 116 Atl. 248, and see *Keller* v. *State,* 122 Md. 677, 683, 90 Atl. 603. The plaintiff would qualify for such a certificate. The statutes require that each undertaker should be licensed by the board, but the issuance of such a license was not intended to be upon the basis of a determination of his qualifications to carry on the business but merely as a means of identification, and any person proposing to engage in the business was entitled to receive one upon application.

In view of this conclusion, the plaintiff's further prayer for relief as to whether the board is justified in requiring an embalmer's certificate for funeral directors ceases to be academic. The statute contains no provision to that effect and the intention of the legislature not to require it is proved by its legislative history. Public Acts, 1929, Chap. 146, § 4 reads: "Any person, before entering or engaging in the undertaking business after July 1, 1929, . . . shall procure an embalmer's license. . . ." This section was omitted from the revision of 1930 and was listed in the reference table at the end as obsolete. By General Statutes, § 6570, "all public laws not contained in the foregoing titles, except such as by particular provision and this title are continued in force, are repealed." Furthermore, attempts by the legislatures of other states to impose this very restriction have been uniformly held unconstitutional. *People* v. *Ringe,* 197 N. Y. 143, 90 N. E. 451; *State* v. *Rice,* 115 Md. 317, 327, 80 Atl. 1026; *Wyeth* v. *Cam-*

*bridge Board of Health,* supra; *State ex rel. Kemp-inger* v. *Whyte,* 177 Wis. 541, 188 N. W. 607, 23 A. L. R. 67; note, 104 A. L. R. 402. An intention to pass an unconstitutional act will not be imputed to the legislature. *State* v. *Muolo,* 119 Conn. 323, 330, 176 Atl. 401. Although by the terms of the statutes an undertaker's license runs for only one year and any license issued to the plaintiff at the time he made his application would have expired long before the decision, the plaintiff still has a right to have one issued to him as of the date of the ruling of the board denying his application. *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 622, 132 Atl. 30.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment that the plaintiff is entitled to receive an undertaker's license as of the date when his application was refused, and directing the board to issue one to him as of that date.

In this opinion the other judges concurred.