Anthony Robert **MARTIN–TRIGONA,**
Plaintiff-Counterdefendant,

v.

Nicholas **GOULETAS, et al.,** *
Defendants-Counterplaintiffs.

No. 76 C 4383.

United States District Court,
N. D. Illinois, E. D.

Dec. 22, 1980.

* Opinion republished at 15 B.R. 645.

Jeffrey Schulman, Chicago, Ill., for movant.

Betty J. Mallow, Clerk of the Circuit Court of Champaign County, Ill., 6th Judicial Circuit, Chicago, Ill., for garnishee.

Anthony R. Martin-Trigona, George B. Collins, Collins & Amos, Johnson, Colmar, Kelly, Bailey, Bradley, Paul Bradley, Chicago, Ill., for plaintiff.

Michael J. O'Rourke, Chapman & Cutler, Chicago, Ill., for Harris Trust & Savings.

Robert S. Bailey, Chicago, Ill., for Donna Wolske, proposed intervenor.

Don W. Fowler, Lord, Bissell & Brook, Chicago, Ill., for defendants Wayne R. Hannah, Jr., et al.

Eric N. Macey, Wm. E. Rattner, and Jay Erens, Levy & Erens, Chicago, Ill., for defendant Victor Goulet, et al.

William J. Reifman, James Gladden, Jr., Mayer, Brown & Platt, Chicago, Ill., for defendant Continental Illinois Nat. Bank and Trust Co.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Currently pending is the motion of Anthony Robert Martin-Trigona, the plaintiff and counter-defendant, to vacate this court's order setting a hearing for December 29, 1980. The purpose for the hearing was to give Martin-Trigona an opportunity to purge himself of contempt by answering certain questions that had previously been put to him pursuant to the counter-plaintiffs' citation to discover assets. Martin-Trigona has moved to vacate the order setting a hearing date on the grounds that his recently filed bankruptcy has automatically stayed this citation proceeding. This motion is denied.

Were this merely a case of civil contempt, the court would be inclined to agree with Martin-Trigona that no useful purpose would be served by insisting on the forthcoming hearing. It is certainly true that the bankruptcy has automatically stayed the citation proceeding. Accordingly, it would be pointless to exercise this court's contempt powers merely in order to foster compliance with the counter-plaintiffs' efforts to enforce their judgment. The contempt in this case is, however, of a more serious nature.

These citation proceedings were initiated more than 15 months ago. Martin-Trigona has yet to submit in good faith to the questioning of his judgment creditors. Initially, this refusal took the form of Martin-Trigona's failure to appear at all. When repeated resort to this tactic led this court to hold him in contempt and to issue a warrant for his arrest, Martin-Trigona appealed the finding of contempt and finally presented himself for questioning. The order for Martin-Trigona's arrest was stayed pending his attempt to purge himself of his contempt, and the appeal was dismissed for want of jurisdiction. Now, however, Martin-Trigona's lack of cooperation revealed itself in a new way; namely, by his repeated and unwarranted invocations of the Fifth Amendment privilege against self-incrimination. This behavior was initially manifested before Magistrate Sussman and then, despite the issuance of a memorandum opinion carefully describing the contours of Martin-Trigona's privilege in this case, before this court. At this point Martin-Trigona was again found in contempt, this time as a recalcitrant witness, *see* 28 U.S.C. § 1826, and was confined in the Metropolitan Correctional Center until he was willing to submit himself to the authority of this court. This finding of contempt was affirmed on appeal. The hearing set for December 29 was initially intended as an opportunity for Martin-Trigona to terminate his status as a recalcitrant witness. In view, however, of this extended pattern of

contumacious conduct, this court has come to view the pending hearing as having a second significance.

Martin-Trigona has repeatedly ignored the orders of this court. His behavior in this regard has had all of the earmarks of intentional conduct. In short, the court would be hard put not to view the narrative summarized above as describing adequate grounds for a finding of criminal contempt. The court, accordingly, has come to view the presently scheduled hearing as presenting Martin-Trigona with an opportunity to demonstrate that he does not seek to flout this court's authority, and to dispel the appearance of criminally contumacious conduct that clings to his previous behavior. It is for this purpose that the court wishes to pursue the December 29 hearing. The bankruptcy filing does not automatically stay this criminal contempt proceeding. 11 U.S.C. § 362(b)(1); *David v. Hooker, Ltd.*, 560 F.2d 412, 417–418 (9th Cir. 1977); *In re Spagat*, 4 F.Supp. 926, 927 (S.D.N.Y.1933); *In re Hall*, 170 F. 721 (S.D.N.Y.1909).

For all of the above reasons, plaintiff counter-defendant's motion to vacate is denied.