In re Albert R. DERVAES, Sr., Debtor.

Bankruptcy No. 87–02629–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Oct. 9, 1987.

Alan L. Levine, Ft. Lauderdale, Fla., trustee.

Felden and Felden, Christian B. Felden, Naples, Fla., for debtor.

R. Hugh Lumpkin, Keith, Mack, Lewis, Allison & Cohen, Miami, Fla., for Norman E. Mattson and Russell W. Mattson.

Celia E. Deifik, Naples, Fla., for creditor Morard.

## ORDER ON ISSUE REFERRED BY STATE COURT

THOMAS C. BRITTON, Chief Judge.

On this debtor's motion in State court to modify a prepetition contempt order aimed at him, the Circuit Court for Collier County on August 10 orally directed the debtor to obtain a determination by this court whether the debtor may now pay $20,000 to purge his contempt.[1] The parties were heard September 4 and 16. (C.P. No. 8).

### Debtor's Right to Dispose of Estep Assets

█ The debtor's chapter 7 bankruptcy petition resulted in the immediate appointment of a trustee, 11 U.S.C. § 701, the creation of an estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case," § 541, and the immediate vesting of that

estate in the trustee, §§ 542 and 543. The debtor lost all control of the estate when he filed for bankruptcy on July 24. Though he is at liberty to use postpetition borrowed funds, gifts and earned income, if available, to purge his contempt, he cannot use the estate assets for that or any other purpose.

The debtor correctly notes that any postpetition transfer of property of the estate not authorized by this court is avoidable at the trustee's election, § 549(a).

### Applicability of Automatic Stay

Both parties have argued the applicability of the automatic stay, § 362, to enforcement of the July 10 contempt order. The debtor's judgment creditors argue that enforcement of this contempt order is not stayed by the automatic stay and, therefore, nothing prevents the State court from denying modification of its prepetition contempt order and ordering the debtor's imprisonment. The debtor argues that enforcement of that order and, therefore, his arrest is stayed by § 362.

█ That issue is before the State court and I have not been invited by that court to express an opinion as to the effect of § 362. Furthermore, this court lacks jurisdiction to enjoin another court or the officers of another court. 1 *Collier on Bankruptcy* ¶ 3.01[8][b] (15th Ed. 1987). Only the District Court has that authority. However, in an effort to be of service to the State court, I will volunteer the opinion that for the reasons stated below, the enforcement of the July 10 contempt order is stayed under § 362 by the bankruptcy filing. My volunteered opinion, let me emphasize, is not binding on the State court.

Unless excepted by 11 U.S.C. § 362(b), it is clear that enforcement of the State court's contempt order is proscribed by § 362(a), the automatic stay, which provides:

"a petition filed under ... this title operates as a stay, applicable to all entities, of ... (2) the enforcement, against the

---

1. The oral order was confirmed in the court's Order of August 27. I am relying on the debt-

or's motion filed August 17 (C.P. No. 3).

debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title...."

The respondent creditors argue that enforcement of the order falls within the statutory exception in § 362(b)(1):

"The filing of a petition under ... this title ... does not operate as a stay (1) under subsection (a) of this section, of the commencement or continuation of *a criminal action or proceeding* against the debtor...." (Emphasis supplied).

A "criminal" action or proceeding is one brought to enforce criminal law. Criminal law is (a) a legislative enactment (b) applicable to at least a class (c) prohibiting specified conduct and (d) providing punishment by fine payable to, or imprisonment by, the state (e) upon the state's complaint.

A contempt order on the other hand, is a judicial act to enforce a judicial directive or preserve the court's dignity. Typically the state is not a party in a contempt proceeding. It is applicable only to specified individuals. It involves no legislative determination. It resembles a criminal action only to the extent it employs the sanction of either a fine or imprisonment. It is a civil procedure, not a criminal action or proceeding.

Therefore, the inclusion of contempt orders within the scope of § 362(b)(1) would require an expansive reading. Since it is a fundamental precept that statutory exceptions like § 362(b) are construed strictly, we must avoid an expansive reading. *Israel–British Bank (London) Ltd. v. F.D.I.C.*, 536 F.2d 509, 513 (2d Cir.1976) (construing exception in § 4b of former Bankruptcy Act).

The obvious purpose of § 362 is to stop the race of creditors to the courthouse in order that an orderly and equitable distribution may be made of the debtor's assets. Section 726 establishes the priorities of distribution for the purposes of this case. Excepting contempt proceedings from the automatic stay would be inconsistent with that purpose.

I conclude that contempt proceedings do not fall within the statutory exception of § 362(b)(1). *See Bailey v. Superior Court*, 297 P.2d 795, 799, 142 Cal.App.2d 47 (Cal. Ct.App.1956); *In re Birdwell*, 27 F.Supp. 442, 443 (N.D.Tex.1939); *State v. Costello*, 61 Conn. 497, 23 A. 868, 869 (Conn.1892).[2]

I decline to follow, therefore, the contrary holding in *Dumas v. Atwood (In re Dumas)*, 19 B.R. 676 (9th Cir. BAP 1982) and the holding in *Martin–Trigona v. Gouletas*, 15 B.R. 645 (N.D.Ill.1980) that a bankruptcy filing does not automatically stay *criminal contempt* proceedings.[3] The District Court relied on decisions before the enactment of § 362. I am aware of no other suggestion that *any* contempt order is excepted under § 362(b)(1).

The District Court's holding in *Martin–Trigona* is inapplicable to the order before me which is clearly a *civil* contempt order. As stated in *Wolfe v. Coleman*, 681 F.2d 1302, 1306 (11th Cir.1982):

"Civil contempt is designed to coerce the contemnor to comply with a court order, and a civil contempt action is brought by a private party, not the court.... The contemnor always has the ability to purge himself of contempt by obeying the court order. Criminal contempt is punitive rather than remedial. It punishes disobedience of the court's order as vindication of the court's authority. The contemnor serves a fixed sentence and cannot gain release by complying with the order."

---

**2.** Contempt proceedings for "alimony, maintenance, or support from property that is not property of the estate", as well as any other action for that purpose, are specifically excepted from the stay by § 362(b)(2). The judgment enforced in this case had nothing to do with domestic relations.

**3.** A debtor's ability to escape punishment from criminal contempt would almost certainly be temporary, because the bankruptcy court under § 362(d)(1) can modify the stay and presumably would do so where the contempt order does not interfere with the orderly distribution of the bankruptcy estate provided by Title 11. Effective implementation of the Bankruptcy Code reasonably requires that such discretion be exercised by the bankruptcy court.

*See also,* to the same effect, *Andrews v. Walton,* 428 So.2d 663, 665 (Fla.1983).

The State court's contempt order of July 10 permits the debtor to purge himself completely by paying $20,000 to the judgment creditors and by accounting to the judgment creditors for past and future sales of specified corporate stock. It is completely coercive rather than punitive, though the debtor's conduct might well have justified punitive action as well.

■ The respondent creditors have also argued that the enforcement of the contempt order falls within the exceptions of either § 362(b)(4) or (5). Both involve the enforcement of a "governmental unit's police or regulatory power". The State court's contempt order of July 10 did not enforce the police or regulatory power of any agency. It enforced a civil judgment in favor of private litigants. Neither exception is relevant here.

Respondents have not requested stay relief under § 362(d) and I am aware of no basis on this record for stay relief with respect to this order of the State court. Its operation and effect appear, therefore, to be stayed by § 362(a).

### The Counterclaim for Exception from Discharge

The judgment creditors have by counterclaim sought exception of their claim from discharge under § 523(a)(2), (4), (6) and (7). The debtor did not have a reasonable opportunity to respond by the trial date set on the debtor's emergency complaint. There is no pressing urgency for determination of this issue. For these reasons, I will not hear the counterclaim in this "adversary proceeding". It is dismissed without prejudice to the filing of a separate adversary complaint seeking that relief within the existing deadline, November 24, for such complaints.