In re Charles O. MORGAN, Debtor.

Bankruptcy No. 89–25981–D.

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Dec. 18, 1989.

Robert C. Haynes, U.S. Dept. of Labor, Nashville, Tenn.

Julie Chinn, Asst. U.S. Trustee, Memphis, Tenn.

Jack Marlow, Memphis, Tenn., for debtor.

1.  28 U.S.C. 157(b)(2)(A).

### MEMORANDUM OPINION AND ORDER ON MOTION FOR CONTEMPT OF COURT

BERNICE BOUIE DONALD,
Bankruptcy Judge.

The above-styled core proceeding [1] came on for hearing on debtor's motion for contempt. No witnesses were called, and the matter was submitted on documentary evidence, written briefs and arguments. The court has jurisdiction pursuant to 28 U.S.C. § 1334, to enter a final judgment. The following shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### CASE SUMMARY

The debtor filed a petition under chapter 11 of the Bankruptcy Code seeking a breathing spell while attempting to reorganize its business operations. On the debtor's A–3 schedules, creditors with unsecured claims without priority, debtor listed respondent, Department of Labor ("Department"), or Secretary of Labor ("Secretary") with a disputed claim in the amount of two hundred thousand dollars ($200,000.00). The debtor operated a business known as DeSoto Builders, Inc.

On June 9, 1989 the United States District Court for the Western District of Tennessee entered judgment against Framing & Foundations, Inc., successor to DeSoto Builders, Inc., and Charles O. Morgan, Sr., jointly and severally, holding defendants in civil contempt for failure to comply with the terms of the court's September 29, 1980 judgment, in which plaintiff, Department prevailed as to certain violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. (1975).

The district court's judgment ordered the payment of one hundred ninety-nine thousand one hundred four dollars and forty-three cents ($199,104.43) in overtime compensation for violation of the Act, liquidated damages, and interest, within sixty (60) days of the entry of the order. No portion of the judgment was satisfied. On

August 7, 1989, Charles O. Morgan filed a petition under chapter 11.

On September 18, 1989, the Secretary filed a petition for Expansion of Injunctive Relief and for Enforcement of Judgment of Civil Contempt, seeking to have the court enforce compliance by Framing & Foundations, Inc., with the court's earlier orders, and to expand its June 9, 1989 judgment to include within its scope, Memphis Slab Company, Inc., or Juanita LaSonya Morgan. The petition did not list Charles O. Morgan.[2] On September 18, 1989, the debtor filed its motion to hold the secretary in contempt for violation of the automatic stay.

A hearing was held in the United States District Court for the Western District of Tennessee on September 22, 1989. On that same date, Framing & Foundations, Inc. filed a petition under chapter 7 of the Bankruptcy Code. The district court took no action on the petition in light of the bankruptcy filings.

The movant argues that the filing for expansion of injunctive relief violated the automatic stay as to the chapter 11 debtor, in that it seeks to collect a monetary judgment, and seeks damages pursuant to 11 U.S.C. § 362(h). Contrarily, the respondent argues that the petition in district court was not an attempt to collect a debt against debtor in violation of the stay, but merely to uphold the dignity of the court's orders. As further support for its position, respondent argues that the stay did not apply to its actions on grounds that they are exempted by 11 U.S.C. § 362(b)(4), and that the bankrupt was not a subject of the action.

The issue for judicial determination is whether the action of the Secretary in seeking expanded injunctive relief and contempt is a violation of the automatic stay. A necessary inquiry must be whether the petition constituted an attempt to collect a money judgment. Preliminarily, the court must examine the scope of the automatic stay.

## DISCUSSION

The automatic stay prohibits any act of creditors to collect a prepetition debt without court permission. Section 362(a)(2) states:

§ 362. **Automatic stay.**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 USC 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

By the Department's petition to enforce the district court's order of *inter alia,* contempt and damages, debtor avers that this act is simply a means to collect on a prepetition judgment.

Cases have addressed whether a bankrupt may be sentenced on a civil contempt citation after he has violated direct orders of the court, and have reached varying results. *See, In re Guariglia v. Community National Bank and Trust Co.,* 382 F.Supp 758 (E.D.N.Y.1974), *aff'd,* 516 F.2d 896 (2d Cir.1975), *In re Stewart,* 571 F.2d 958 (5th Cir.1978), *cf., U.S. Sprint Communications Co. v. Buscher,* 89 B.R. 154 (D.Kan.1988). *See, also, In re Dervaes,* 81 B.R. 127 (Bankr.S.D.Fla.1987). In *Guariglia,* the debtor was cited for contempt for failure to pay a civil judgment, and the contempt judgment served to reimburse the creditor for the amount of the original judgment. The court saw this as a method of collecting a debt and found it violative of the automatic stay. 382 F.Supp. at 760. The instant case is easily distinguishable in that the Department sought no direct reimbursement for creditors, but instead sought compliance with a valid court judgment. This court has spoken to the issue and held that administrative proceedings by govern-

---

**2.** While the June 9, 1989 judgment included Charles O. Morgan, the secretary, having knowledge of the bankruptcy petition, omitted Charles O. Morgan from its September 18, 1989 petition for expansion.

mental units for pecuniary purposes are automatically stayed. *In re Mason*, 18 B.R. 817 (Bankr.W.D.Tenn.1982), citing *In re Thomassen*, 15 B.R. 907 (Bankr. 9th Cir.1981). Although *Mason* involved a state administrative body, the governing principle is the same.

The court in *In re Marini*, 28 B.R. 262 (Bankr.E.D.N.H.1983), noted that a distinction should be made between a contempt citation intended to enforce payment of a judgment and one intended to uphold the dignity of the court. In *In re Gedeon*, 31 B.R. 942 (Bankr.D.Colo.1983), following the reasoning of *Marini*, the court held that a contempt citation issued to coerce a party to obey a court order is an order imposed to uphold the dignity of the court, recognizing that a court must have the power to enforce its orders. A contempt order issued to uphold the dignity of the court can withstand a bankruptcy filing and is not violative of the automatic stay. *Guariglia*, 382 F.Supp. at 759. The court in *Dervaes*, 81 B.R. at 129 further defines contempt:

> Civil contempt is designed to coerce the contemnor to comply with a court order, and a civil contempt action is brought by a private party, not the court.... The contemnor always has the ability to purge himself of contempt by obeying the court order. Criminal contempt is punitive rather than remedial. It punishes disobedience of the court's order as vindication of the court's authority. The contemnor serves a fixed sentence and cannot gain release by complying with the order. The court in *In re Cherry*, 78 B.R. 65 (Bankr.E.D.Pa.1987), read the power of the automatic stay expansively, and found that the automatic stay applied to all civil contempt proceedings not exempted by some specific provision of 11 U.S.C. § 362(b). However, the court acknowledged that a balancing of the hardships might weigh in favor of granting relief from the stay where injunctive relief was sought. *Id.* at 70.

However, in *Cherry* the court found no exception for civil contempt proceedings

brought by private parties. *Id.* In the instant case, while the government is the movant, arguably the rights being asserted are the private rights of individuals. *See, EEOC v. McLean Trucking Co.*, 834 F.2d 398 (4th Cir.1987).

In *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934 (6th Cir.1986), individual members of a corporation filed bankruptcy after NLRB filed unfair labor practice charges against a corporation, which later did business as a partnership. The bankruptcy was filed before the decision of the NLRB was rendered. The court in *Edward Cooper Painting, Inc.*, acknowledged that Section 362(a)(2) prohibited the enforcement of a judgment against a corporation which was obtained prior to the bankruptcy filing. *Id.* However, the court noted that § 362(b)(4) exempted actions or proceedings by a governmental unit to enforce such governmental unit's police or regulatory powers. 11 U.S.C. § 362(b)(5) allows governmental units to enforce any judgment obtained in exercise of their police or regulatory power, with the exception of a money judgment. *Id.* at 938. Clearly, in the instant case, the Department is a governmental unit charged with the responsibility of monitoring compliance with FLSA.

Movant, in the instant case, argues that respondent's actions are violative of the automatic stay. However, it is arguable whether respondent was affected by stay, thus imposing any requirement to seek a lifting of the stay. The court in *Edward Cooper Painting, Inc.*, addresses this question and concludes that a governmental unit which determines that its police powers or regulatory proceedings are excepted from the automatic stay under § 362(b)(4) is not required to petition the bankruptcy court for relief from the stay prior to continuing its proceeding. *Id.* at 939. However, the court noted that while § 362(b)(4) clearly provides that the filing of a bankruptcy petition does not operate as a stay of actions or proceedings of a governmental unit, the governmental unit in making such a determination proceeds at its own risk. *Id.* Because of the inherent

power of the automatic stay, prudence dictates that relief from the automatic stay should be sought.

In *Edward Cooper Painting, Inc.*, the Sixth Circuit held that since "The NLRB was acting on belief that its proceedings were excepted from the stay, it was permissible to proceed without obtaining relief from the stay. *Id.* at 940. However, the court cautioned if it were later found that the stay applied, any action taken would have been void. *Id.*

> When the Corporation filed for bankruptcy, § 362(a)(1) automatically stayed "the commencement or continuation ... of a judicial, administrative, or other proceeding against the debtor...." In addition, § 362(a)(2) prohibited the enforcement of any judgment against the Corporation which was obtained prior to the filing of the petition in bankruptcy. However, § 362(b)(4) provides that the automatic stay does not affect "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power...." Finally, § 362(b)(5) allows governmental units to enforce any judgment obtained in the exercise of their police or other regulatory power, *with the exception of a money judgment.* (Emphasis added).

*Id.*

There is no consistent test for determining whether an action by a particular governmental unit falls within the ambit of the automatic stay. *Id.* at 942. Further, although several tests have been applied, such determinations are made on a case by case basis considering the Code requirements and the totality of the circumstances.

The court must determine whether the governmental unit's efforts were an attempt to collect a money judgment, and therefore in violation of the stay.

The bankruptcy court in *Mason*, 18 B.R. at 817, held that "administrative proceedings by governmental units for a pecuniary purpose are automatically stayed. *See, also, Thomassen*, 15 B.R. at 907.

In *McLean Trucking Co.*, 834 F.2d at 398, the court addressed the issue of whether a debtor's bankruptcy precluded *EEOC* from instituting and continuing two (2) lawsuits against the debtor to redress alleged unlawful age and racial discrimination in employment, including recovery of back wages. The bankruptcy court and the district court held that the actions were stayed. The court of appeals held that § 362 exempts from the automatic stay a judicial proceeding by a governmental unit to "enforce such governmental units police or regulatory power". *Id.* The court went on to say there can be no doubt that *EEOC* is a governmental unit. Likewise, there can be no doubt that the United States Department of Labor acting through its secretary and other agents and designees is a governmental entity, charged with the responsibility of monitoring compliance with the provisions of FLSA.

The legislative history of § 362(b)(4) contains the comments of Representative Don Edwards which are as follows:

> "[t]his section is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate."

124 Cong.Rec. H 11,089, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 6436, 6444–45.

As to the applicability of the automatic stay, the court must chronicle the confusing series of events. First, the Bankruptcy Code follows the entity theory. In chapter 11 there is no co-debtor stay, therefore, the stay only applies to the filing entity. When Charles O. Morgan, individually filed, he received the benefit of the protection of the automatic stay. There was afforded no collateral protection to any corporate entity or entities. Inasmuch as the secretary's petition, as to Charles O. Morgan, individually, was filed June 13, 1988, and judgment

 

rendered June 9, 1989,[3] and the debtor's petition in bankruptcy was not filed until August 7, 1989, there was no automatic stay since the stay is not retroactive. Once debtor filed bankruptcy, the Department amended its petition for contempt to delete Charles O. Morgan, individually, and on September 13, 1989, sought enforcement against DeSoto Builders, Inc. and Framing and Foundations, Inc., and their efforts. In its petition for relief, the Secretary acknowledged the bankruptcy filing of Charles O. Morgan, individually.

The Department correctly asserts that its petition sought to enforce compliance against the corporation and its officers, and not against Charles O. Morgan individually. Debtor argues that the petition sought to have the officer of the corporation jailed until the contempt was purged thus interfering with the debtor's attempt to reorganize. Debtor points to the fact that the physical body of Charles O. Morgan, individually, cannot be separated from the body of Charles O. Morgan, officer of the corporation. Notwithstanding debtor's argument, the court must follow the entity theory, and recognize that the Secretary did not seek to proceed against the individual, nor the assets of the individual. The petition was limited to an effort to require a non-bankrupt corporation to comply with a lawful order of the court.

At the time of the Secretary's petition, Framing and Foundations was not a debtor in bankruptcy. Thus, there was no automatic stay. There was no umbrella protection afforded the corporation as a result of the bankruptcy filing by the individual. *Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194 (6th Cir.1983). It must be noted that Framing and Foundations' petition in bankruptcy was not filed until September 22, 1989, there was no automatic stay until that time. Since the district court properly took no action, in light of the filing, there was no harm to the debtor, and no conduct that could be construed as willful by the Department.

### CONCLUSION

Based on the foregoing and the case record as a whole, the court finds that there was no willful violation of the automatic stay as to Charles O. Morgan, and no basis for a finding of contempt. Therefore, debtor's motion for contempt and damages is denied.

IT IS SO ORDERED.

---

**3.** The court's judgment specifically provided: Should they fail to do so (pay the $199,104.43 within sixty (60) days of the court's order), the clerk is hereby ordered to notify the United States Marshal or his representative who shall forthwith without further notice or order of the court, take Respondent Charles O. Morgan, Sr. into custody, there to hold him until such time as his contempt shall be purged by paying all amounts due.