**In re MOTEL INVESTMENTS, INC., Debtor.**

**Bankruptcy No. 93–4437–BKC–3P1.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 13, 1994.

106

Leon M. Boyajan, Inverness, FL, for debtor.

Jonathan H. Alden, Tallahassee, FL, for movant.

***FINDINGS OF FACT AND CONCLUSIONS OF LAW ALLOWING CHAPTER 11 ADMINISTRATIVE EXPENSE OF STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION***

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon a Motion for Chapter 11 Administrative Expense filed by the Florida Department of Environmental Protection ("State"). The Court held a hearing on March 23, 1994, and upon the evidence presented enters these findings of fact and conclusions of law.

*Findings of Fact*

Debtor owned a parcel of property in Citrus County, Florida, which includes protected wetlands as that term is defined by § 373.019(17) Fla. Stat. Debtor had been issued a permit, pursuant to Fla.Admin.Code R. 17–312.060, to build a seawall on the property. Debtor built a seawall which did not comply with the permit.

The State filed an administrative action, through the Department of Environmental Protection which is charged with responsibility for administering and enforcing state environmental protection laws, to compel debtor to bring the seawall into conformity with state law. Debtor and the State entered into a consent agreement which required debtor, within 30 days of the effective date of the order, to modify the seawall by excavating land which had been filled, replacing the fill with rip rap, a protective area of rock, planting specific types of plants in the area covered by the rip rap and reporting periodically to the State. The consent order requires debtor give notice to the State of the sale or conveyance of the property if it should be transferred prior to full compliance with the consent order and to provide the new owner with a copy of the order. The consent order also contains penalties of $100.00 per day for failure to timely complete the remedial action.

Debtor has not taken any corrective action with regard to the property. Debtor sold the property in February, 1993, without providing notice to the State and filed for chapter 11 protection in September, 1993. As of the hearing date, March 23, 1994, post-petition penalties of $17,400.00 had accrued as a result of debtor's failure to comply with the consent order.

*Conclusions of Law*

The State argues that the consent order is not a claim as defined in 11 U.S.C. § 101(5) and is unaffected by bankruptcy. The question before the Court is whether the penalties incurred because of debtor's failure to comply with the consent order are administrative expenses of the estate. Dischargeability is not before the Court, and the Court does not address whether the obligation contained in the consent order constitutes a claim or is dischargeable.

The issue presented in this case is whether penalties incurred for failure to comply with the consent order are entitled to a chapter 11 administrative expense pursuant to 11 U.S.C. § 503(b).ª Section 503(b) states in relevant part:

there shall be allowed administrative expenses, other than claims allowed under 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commission for services rendered after the commencement of the case.

Debtor argues that under § 503(b) the State must show that the penalties have benefitted the estate and resulted from a post-petition transaction. The State counters that this case is controlled by *In re N.P. Min. Co., Inc.*, 963 F.2d 1449 (11th Cir.1992), thus no benefit to the estate need be shown, and the State is entitled to an administrative expense claim for the post-petition penalties. The Court agrees that *N.P.* is controlling in this case.

In *N.P.*, the Eleventh Circuit held that purely punitive penalties resulting from post-petition violations of state mining regulations which accrued post-petition are administrative expenses of the estate. The Court held that pursuant to *Reading v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) administrative expenses are not limited only to expenses which benefit the estate but, in cases involving heavily regulated industries where compliance with regulations and payment of penalties for non-compliance is a necessary incident of doing business, penalties for non-compliance may be administrative expenses of the estate. The Court found sufficient justification in the policy contained in 28 U.S.C. § 959(b), which requires a trustee to operate the estate in compliance with the law, to classify penalties for failure to comply with regulations as costs ordinarily incident to operation of a business and, pursuant to *Reading*, as actual necessary expenses of the estate. In considering what constitutes operation of the estate, the Court held that liquidation or mere preservation of

assets in contemplation of liquidation is not operating the estate but that something more is required for operation of the estate. *Id.* at 1460. The Court concluded that compliance with the law in operation of the estate is important enough to impose the burden of paying penalties for non-compliance on the estate as a first priority expense.

The Eleventh Circuit then considered the timing of the violations and held that post petition penalties from unabated pre-petition violations were not administrative expenses. In differentiating between penalties assessed for post-petition violations and pre-petition violations, the Court determined that violations which were not serious enough for the state to exercise its authority to compel compliance by closing the business were not of sufficient magnitude to allow impairment of debtor's fresh start. Thus, the Eleventh Circuit concluded that pre-petition violations which resulted in post-petition penalties should not be allowed to threaten debtor's fresh start where the state had not sought cessation of the violation prior to bankruptcy.

■ Pursuant to *N.P.*, if debtor operates in a highly regulated atmosphere, continues to operate its business, is in violation of the law and incurred penalties post-petition, the State is entitled to an administrative expense claim for the penalties incurred for failure to comply with the consent order.

■ Like strip mining, the treatment of wetlands is highly regulated and fines imposed for failure to comply with the law regulating treatment of that type of property is ordinarily incident to operating a business. As debtor-in-possession, pursuant to 11 U.S.C. § 1108, debtor continues in operation of its business. Debtor does not propose liquidation nor is debtor merely preserving assets.

Debtor has failed to comply with the consent order. Florida statute § 403.161(1)(b) states "[i]t shall be a violation of this chapter, and it shall be prohibited for any person: to fail to comply with any rule, regulation, order, ... issued by the department...." In addition, debtor's original violation, building a seawall in violation of its permit, continues. The sale of the property does not change this result. Debtor cannot escape compliance with the law by selling the property. Thus until debtor complies with the consent order, it continues to operate in violation of state

law and violates the policy contained in 28 U.S.C. 959(b).

The remaining issue the Court must address is the timing of the violation. In this case, the original violation occurred pre-petition and has continued unabated post-petition. The rationale of the Eleventh Circuit in distinguishing between the penalties incurred from unabated pre-petition violations and those that arose post-petition does not apply because the state took action pre-petition to remedy the violations and to restrict debtor's use of the property. Debtor has not complied with the consent order and continues in violation of the order. Because debtor's operation violates state law, and the reasons for distinguishing between pre-petition and post-petition violations do not apply in this case, the penalties incurred are actual necessary expenses of the estate and are entitled to administrative expense priority.

*Conclusion*

The Court holds that the post-petition penalties accruing because of debtor's failure to comply with the consent order requiring remediation of environmental violations are administrative expenses pursuant to § 503(b). The Court will enter a separate order consistent with these findings of fact and conclusions of law.

***ORDER GRANTING MOTION FOR CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM OF STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION***

This case came before the Court upon Motion for Allowance of Administrative Expense Claim of the State of Florida Department of Environmental Protection, it is

ORDERED

1. Motion for Allowance of Chapter 11 Administrative Expense Claim of Florida Department of Environmental Protection is granted.

2. A Chapter 11 administrative expense of $17,400.00 is allowed.