**In re CHRIS–MARINE, U.S.A., INC., Debtor.**

**United States of America, Appellant,**

v.

**Chris–Marine, U.S.A., Inc., Appellee.**

Bankruptcy No. 00–4010–3F1.

No. 3:01–cv–714–J–21.

United States District Court,
M.D. Florida,
Jacksonville Division.

Dec. 8, 2004.

Raymond R. Magley and Allan E. Wulbern, Smith, Husley and Busey, Jacksonville, FL, for Debtor.

### *ORDER*

JOHN J. MOORE, II, District Judge.

This appeal arises from the Bankruptcy Court's entry of an order (Bankruptcy Dkt. 116), pursuant to its finding of facts and conclusions of law, denying the United States' Motion for Allowance of Administrative Expenses, filed on May 7, 2001. Appellant United States of America ("United States") filed its initial brief (Dkt. 3) on July 9, 2001, seeking reversal of the Bankruptcy Court's holding and the entry

of an order allowing the administrative expenses as filed by the United States. The Appellee, Chris–Marine, U.S.A., Inc. ("Chris–Marine") filed a Response Brief (Dkt. 4) on July 24, 2001.

## I. Background

Chris–Marine voluntarily filed its petition under Chapter 11 of the Bankruptcy Code on May 23, 2000. On November 17, 2000, the United States filed a Motion for Allowance of Administrative Expenses, arguing that a $2,500 per diem fine, approved by this Court against Chris–Marine on March 19, 1999 and continuing to accrue after the Chapter 11 petition, should be treated as an administrative expense pursuant to 11 U.S.C. § 503(b). This continuing coercive fine against Chris–Marine was assessed by this Court in *Chris–Marine U.S.A., Inc. v. United States of America*, Case No. 3:93–cv–1626–J–21, for Chris–Marine's continued contempt for failure to produce documents sought by the Internal Revenue Service pursuant to its Formal Document Requests ("FDRs") made as part of a tax investigation into corporate income tax liability.

At an April 19, 2001 hearing on the United States' Motion for Allowance of Administrative Expenses, the United States claimed that the amount of the per diem fine accruing post-petition should be treated as an administrative expense under Section 503(b) because otherwise, Chris–Marine would be flouting this Court's contempt orders by filing a bankruptcy petition. Chris–Marine argued that the per diem fine should not be treated as an administrative expense because it does not fall within any of the specific categories of administrative expenses set forth in Section 503(b). In its May 7, 2001 order, the Bankruptcy Court agreed with Chris–Marine, holding that the per diem fine accruing post-petition should not be treated as an administrative expense pursuant to Section 503(b).

In so holding, the Bankruptcy Court reasoned that the per diem fine accruing after the Chapter 11 petition "did not fit the small, novel category of 'regulatory administrative expenses' created by [*Alabama Surface Mining Commission v. N.P. Mining Co., Inc.,* 963 F.2d 1449, 1455 (11th Cir.1992)]." The court further held that "[t]he per diem fine stems from a prepetition discovery violation, not from postpetition noncompliance with some regulation of the diesel engine mechanic-referral and parts-repair industries," and, because such discovery fines do not normally arise during the ordinary management or operation of a business like Chris–Marine, they cannot be considered "typical, necessary costs of continuing operations in compliance with state law such that the Court should deplete the estate for their full satisfaction." *In re Chris–Marine, U.S.A., Inc.,* 262 B.R. 126, 130 (Bankr.M.D.Fla.2001). The United States filed its notice of appeal to this Court on May 16, 2001.

## II. Appellant's issue raised on appeal

Whether the Bankruptcy Court erred in determining that the coercive sanctions imposed by this Court are not entitled to administrative expense treatment under 11 U.S.C. § 503(b).

## III. Standard of Review

■ Because the district court sits in an appellate capacity when reviewing the determination of a bankruptcy court, the district court applies the same standards as do appellate courts when reviewing other cases. *See Deramus v. Bank of Prattville,* 180 B.R. 665, 667 (M.D.Ala.1995). A bankruptcy court's conclusions of law are therefore reviewed *de novo,* requiring the district court to independently examine the law and to draw its own conclusions after

applying the law to the facts, without regard for the decision of bankruptcy court. *See, e.g., Nordberg v. Arab Banking Corp.,* 904 F.2d 588, 593 (11th Cir.1990); *Reliance Ins. Co. v. Enstar Group, Inc.,* 192 B.R. 579, 580, n. 3 (M.D.Ala.1996). However, a bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard. *See Nordberg,* 904 F.2d at 593.

## IV. Discussion

■ The United States argues that its claim for post-petition coercive sanctions must be allowed as an administrative expense of the debtor's estate because otherwise, to allow a debtor to voluntarily and unilaterally terminate a coercive fine, the Court would be allowing a contemptuous party to avoid the directives of a court of competent jurisdiction simply by seeking the protection of the Bankruptcy Court. Such a result violates the "integrity of the judicial system," and therefore the United States claims that this Court has discretion to allow the per diem fine to be treated as an administrative expense of the bankruptcy estate.

The United States argues that Section 503(b) is a non-exhaustive list of administrative expenses that can be allowed, as recognized by the Eleventh Circuit in *N.P. Mining Co.* In that case, the United States asserts that the Eleventh Circuit refused to construe Section 503(b) narrowly, stating that expenses not expressly listed in the statute can receive administrative expense status if they are actual and necessary expenses to preserve the estate, or if "other policy considerations" dictate that they should be treated as administrative expenses, even if there is no measurable benefit to the estate. *See N.P. Mining,* 963 F.2d at 1452–54. Such "other policy considerations" include expenses arising from post-petition tortious and wrongful conduct of a debtor, expenses involved in

environmental cleanup, or civil penalties incurred as a result of the debtor's failure to comply with state law. *See id.; In re Growth Development Corp.,* 168 B.R. 1009, 1020 (Bankr.M.D.Ga.1994). The United States contends that the Bankruptcy Court's ruling in this case that the coercive per diem fine did not fit the "small, novel category of 'regulatory administrative expenses'" set forth in *N.P. Mining* was far too narrow a reading of that case and therefore must be reversed.

According to the United States, courts within the Eleventh Circuit have interpreted the reading given Section 503(b) in *N.P. Mining* to be much broader than the Bankruptcy Court in this case. The United States argues that expenses can be considered administrative even if they are not necessary for the preservation of the estate, as long as "compliance with federal law and the viability of the bankruptcy process mandate[s] that such expenses be treated as administrative expenses." *See, e.g., In re Younger,* 163 B.R. 609, 612 (Bankr.S.D.Ga.1993). This is allegedly true even if a violation of court order occurred pre-petition but continued unabated post-petition, particularly when enforcement action has been undertaken by the government to remedy the pre-petition violations. *See also In re Motel Investments, Inc.,* 172 B.R. 105 (Bankr.M.D.Fla.1994); *In re Double B Distributors,* 176 B.R. 271 (Bankr.M.D.Fla.1994); *In re Clark,* 91 B.R. 324 (Bankr.E.D.Pa.1988); *In re Charlesbank Laundry, Inc.,* 755 F.2d 200, 202, n. 3 (1st Cir.1985). Because Chris–Marine "blatantly disregarded" Court orders and failed to act in good faith throughout the IRS's tax investigation, the United States therefore contends that the Bankruptcy Court should have exercised its discretion in according the per diem contempt fine administrative expense status to prevent Chris–Marine from flouting Court orders by filing for bankruptcy be-

cause it knew it could not pay the hefty fine. Claiming that the bankruptcy process should not be used to avoid court-imposed coercive sanctions, the United States urges this Court to reverse the Bankruptcy Court's order and accord administrative expense status to the post-petition fine.

The Court, however, finds that reversal of the Bankruptcy Court is not warranted in this case. As Chris–Marine points out, the Court entered judgment against it on March 19, 1999 in the amount of $2,500 per day from May 11, 1998, until such time as Chris–Marine purged itself of the civil contempt. As a result, Chris–Marine filed its Chapter 11 petition because it could not pay the judgment, which it claims amounted to more than $1.7 million on the date of the petition. In addition, Chris–Marine claims that it cannot produce any further responsive documents to the United States' FDRs, and therefore it cannot purge itself of the contempt in order to prevent further accrual of the fine. Under the circumstances of this case, the Court agrees with Chris–Marine that *N.P. Mining* does not create a new category of allowable administrative expenses for such coercive civil fines that are not "ordinarily incident to the operation" of Chris–Marine's business, and as such the Bankruptcy Court's denial of the United States' motion was proper.

Chris–Marine points out that in *N.P. Mining,* the Eleventh Circuit recognized that it was creating a "new category of post-petition costs entitled to first priority" when it allowed purely punitive civil penalties assessed *post-petition* for *post-petition violations* of state mining regulations to be considered administrative expenses. *See N.P. Mining,* 963 F.2d at 1452. As Chris–Marine effectively asserts, this was because strip mining is "heavily regulated" under state law, and as such there is a strong interest in insuring compliance with state law. *See id.* at 1458. As such, fines incurred by the trustee post-petition could be considered "costs ordinarily incident to the operation" of the strip mining business. *See id.* Fines incurred post-petition for mining violations that occurred *prior* to the filing of the bankruptcy petition and not abated, however, were not considered administrative expenses. *See id.* at 1459. Therefore, Chris–Marine correctly points out that the so-called "new category" of expenses to be considered administrative in nature as set forth in *N.P. Mining* was actually a very narrow new category.

The Court agrees that the coercive fine in this case does not fit into this narrow new category of administrative expenses. This fine is not a cost "ordinarily incident to the operation" of Chris–Marine's business, nor is it a fine for some sort of post-petition violation. Moreover, it is not a fine related to a heavily regulated business under state law, as was the fine in *N.P. Mining.* Chris–Marine's business (repair of large diesel engines) does not fall into the narrow category of businesses discussed in *N.P. Mining,* nor are its contempt citations related to any state laws intended to protect the environment or the public in some sort of heavily-regulated industry. In short, *N.P. Mining* does not support the United States' contention that the post-petition accrual of unabated contempt sanctions for pre-petition violations should be treated as an administrative expense of the estate. As such, the Bankruptcy Court was justified in not allowing payment of these fines from the estate as an administrative expense. *See also In re Motel Investments, Inc.,* 172 B.R. 105, 107 (Bankr.M.D.Fla.1994); *In re Double B Distributors, Inc.,* 176 B.R. 271, 274 (Bankr.M.D.Fla.1994); *Pennsylvania Dept. of Environmental Resources v. Tri-State Clinical Labs. Inc.,* 178 F.3d 685, 697–98 (3rd Cir.1999).

The United States' public policy argument for the allowance of this fine as an administrative expense is also unavailing. The United States argues that this Court should not allow Chris–Marine to shirk the Court's orders and avoid contempt citations for failure to produce documents simply by filing for bankruptcy protection. The Court agrees with Chris–Marine, however, that this asserted policy argument does not alone justify the creation of a completely new category of administrative expenses. Chris–Marine effectively argues that it did not choose to avoid paying the fine or to further avoid producing documents, but instead the company filed for bankruptcy protection because its assets were insufficient to cover its liabilities. This reason for filing for bankruptcy is akin to any other bankruptcy case, where the debtor cannot afford to pay its liabilities (judgments, payments to creditors, etc.), and therefore is seeking to keep its business alive through the protections of Chapter 11.

Chris–Marine points out that its large tax liability is being disputed in the bankruptcy proceedings, and that if it is required to pay the fine as an administrative expense, the bankruptcy case would likely be converted into a Chapter 7 liquidation proceeding. This conversion would result in the loss of its longstanding business and the many jobs that go with it. Under these circumstances, the Court will not disturb the Bankruptcy Court's decision in the Chapter 11 proceedings based on the United States' unsupported policy argument.

■ Lastly, Chris–Marine contends that the accrual of civil fines sought by the United States cannot be recovered because such post-petition accrual is stayed pursuant to 11 U.S.C. § 362(a)(2). Although the Court does not base its decision primarily on this ground, Chris–Marine's argument for an automatic stay in this case is well taken. Chris–Marine effectively contends that Section 362(a) encompasses all claims or civil causes of action, including civil contempt actions, which arose pre-petition. As such, the United States could not recover a post-petition accrual of a fine for pre-petition civil contempt citations, because those citations would be subject to the automatic stay. *See, e.g., In re Smith,* 180 B.R. 311 (Bankr.N.D.Ga.1995); *In re Dervaes,* 81 B.R. 127, 129 (Bankr.S.D.Fla. 1987).

The Court therefore finds that the Bankruptcy Court's decision to deny administrative expense status to the civil coercive fine in this case was the correct one. Accordingly, upon due consideration, the order appealed herein (Bankruptcy Dkt. 116) is **AFFIRMED.**