**John L. GOLDSBY and Patricia Goldsby, Plaintiffs-Appellants,**

v.

**James D. STEWART, Trustee, Defendant-Appellee.**

**Civ. A. No. 82–1140–P.**

United States District Court, S.D. Alabama, S.D.

March 25, 1983.

Robert H. Turner, Selma, Ala., for plaintiffs-appellants.

James D. Stewart, Montgomery, Ala., Trustee.

## ORDER ON BANKRUPTCY APPEAL

PITTMAN, Senior District Judge.

This cause came to be heard upon the appeal of the plaintiffs-debtors from an order of the Bankruptcy Court dated September 24, 1982. Bankruptcy Case No. 81–00514.

This court has jurisdiction of the appeal. Bankruptcy Rule 802(a), Title 11 U.S.C.

This court heard oral argument on January 13, 1983, on the two issues which are attached hereto as an appendix.

■ The Bankruptcy Judge's findings of fact are not contested. Where the questions presented are solely legal ones, no presumption of correctness applies and the district court will make an independent determination of the legal issues involved. *Matter of Hammons*, 614 F.2d 399, 403 (5th Cir.1980).

This appeal by the plaintiffs-debtors results from the Bankruptcy Court's refusal to allow the debtors' claimed personal property exemptions on the grounds the aggregate amount of property claimed exceeded the total dollar amount allowed by law. The claimed personal property exemption totalled $2,147.00, and the Bankruptcy Judge held that under the facts of the case the personal property exemption should only be $1,000.00 per debtor.

By Act No. 80–569, effective May 19, 1980, the legislature of the State of Alabama, acting under the authority of section 522(b)(1) of the Bankruptcy Code, prohibited the application of the federal exemptions established by section 522(d) of the Bankruptcy Code and limited the exemptions allowable to Alabama residents to those established by state law, or by federal law other than by section 522(d). The Act also increased the personal property and homestead exemptions allowed by Alabama law to $3,000.00 and $5,000.00, respectively. Ala.Code §§ 6–10–2, 6–10–6 and 6–10–11 (1975).

Under Alabama law, a resident may claim property as exempt under the state statutes in effect at the time the debt was incurred. Ala.Code § 6–10–1 (1975) provides as follows:

The right of homestead or other exemption shall be governed by the law in force when the debt or demand was created, but the mode or remedy for asserting, ascertaining, contesting and determining claims thereto shall be as prescribed in this chapter.

■ Under this provision, which has been codified since 1876, the right of a debtor to claim an exemption and the amount of such exemption depends upon when the debt was created, the state law then in force and effect being controlling. *Love v. First National Bank of Birmingham*, 228 Ala. 258, 153 So. 189 (1934); *Block v. George*, 83 Ala. 178, 4 So. 836 (1887). Furthermore, the claim of exemption must show that the debt was contracted since the enactment of the exemption statute under which it is claimed. *Ely v. Blacker*, 112 Ala. 311, 20 So. 570 (1896); *Randolph v. Little*, 62 Ala. 396 (1878).

Prior to May 19, 1980 the personal property exemption for Alabama residents, excluding wearing apparel, family portraits and pictures and books used in the family, was limited to personal property in the amount of $1,000.00. The homestead exemption was limited to an equity of not exceeding $2,000.00 in value. Ala.Code §§ 6–10–2 and 6–10–6.

■ The Bankruptcy Court has held that since *some* of the debts scheduled by the debtors were incurred prior to May 19, 1980, the debtors are limited to those exemptions allowed prior to that date, and the increased exemption allowances contained in Act No. 80–569 do not apply. (Emphasis added). This conclusion, the court holds, is incorrect as a matter of law. Under Alabama law, the applicable exemption is determined by the statute in force when the debt was created. Ala.Code § 6–10–1 (1975). Therefore, it follows that to limit the debtors to the lesser, pre May 19, 1980 personal property exemption when other debts scheduled by the debtors were incurred after May 19, 1980 violates Alabama Code § 6–10–1 (1975).

There are primarily two problems which have been raised in response to such a holding. First is the accounting problem which will arise in situations where unsecured debts are found to have been incurred both prior to and after May 19, 1980. Secondly, it is argued, separate classes of unsecured creditors will result from debtors opting to take personal property exemptions from property purchased with the proceeds of unsecured loans incurred after May 19, 1980 in order to get a larger personal property exemption.

Responding to the second argument first, it is important to note that the post May 19, 1980 creditor is getting the benefit of his bargain because he was on notice that the larger personal property exemption went into effect on May 19, 1980 and could have anticipated that future debtors would opt to take the larger exemption from property which would otherwise go to him. Finally, as for the practical problem of apportioning the exemption, the court realizes that accounting problems will arise in situations where unsecured debts were incurred both prior to and after May 19, 1980, but this inconvenience is preferable to resolving the issue by depriving the debtor of a larger exemption to which he is entitled, and providing the post May 19, 1980 creditors a windfall to which they are not entitled.

Whatever problems may arise due to different amounts of exemptions being allowed to different creditors pre May, 1980 and post May, 1980 will probably be of short duration. Since the pre May, 1980 exemption claims are now approximately three years old, this number should diminish.

It is therefore ORDERED that the Bankruptcy Court's order of September 24, 1982 is hereby REVERSED and this cause is remanded to the Bankruptcy Court for further proceedings and the application of the pre May, 1980 and post May, 1980 exemp-

tions be made in a manner not inconsistent with this order.

Costs are taxed to the appellee, James D. Stewart.

## APPENDIX "A"

### STATEMENT OF ISSUES PRESENTED

1. Was the Bankruptcy Court correct in disallowing the increased personal property exemption contained in Act No. 80–569 and in limiting the debtors to the exemption allowed prior to that date when the debts listed were incurred both prior to and after May 19, 1980?

2. Was Ala.Code § 6–10–1 (1975) properly interpreted in the instant case?