**In the Matter of PIZZA OF HAWAII, INC., Debtor.**

Civ. No. 83–871.
Bankruptcy No. 80–629.

United States District Court,
D. Hawaii.

July 26, 1984.

---

## OPINION AND ORDER VACATING BANKRUPTCY COURT'S CONFIRMATION OF PLAN AND REMANDING FOR AN ESTIMATION OF CLAIM

SAMUEL P. KING, District Judge.

Shakey's Incorporated appeals the bankruptcy court's Order Confirming Plan entered on June 29, 1983. This court concludes that the bankruptcy court erred by confirming the plan without first estimating Shakey's claim pursuant to 11 U.S.C. § 502(c) and including that estimate in its consideration of the plan's feasibility under 11 U.S.C. § 1129(a)(11). Accordingly, the bankruptcy court's order confirming the plan is vacated and the case is remanded for consideration of the plan's feasibility with the benefit of an estimate of Shakey's claim.

### I.

■ This court's so-called Emergency Rule, adopted in response to *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and similar to rules adopted throughout the country, provides that on appeal the district court "need give no deference to the findings of the bankruptcy judge." Rule Relating to Bankruptcy Proceedings e(2)(B) (D. Hawaii Dec. 23, 1982) (amended). Despite *Marathon,* the court of appeals has directed that the bankruptcy court's findings be accorded the deference contained in Bankruptcy Rule 8013. This court will therefore review the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law under a de novo standard. *In re Dill,* 731 F.2d 629, 631 (9th Cir.1984); *In re Comer,* 723 F.2d 737, 739 (9th Cir.1984).

### II.

On September 25, 1980, Shakey's filed suit in this court against the debtor's principals on various breach of contract claims. *See Shakey's Inc. v. Leibert, et al.,* Civil No. 80–517 (D. Hawaii Sept. 25, 1980). The debtor filed for Chapter 11 relief in the

James N. Duca, Woo, Kessner & Duca, Honolulu, Hawaii, for debtor.

Francis T. O'Brien, David D. Cheal, John A. Chanin, James Y. Agena, Honolulu, Hawaii, for Shakey's Inc.

bankruptcy court a few days later. *See In re Pizza of Hawaii, Inc.*, Bankr. No. 80–629 (Bankr. D. Hawaii Oct. 1, 1980). On January 29, 1981, this court granted the debtor leave to intervene in the civil case, and the case was subsequently transferred to the bankruptcy court as an adversary proceeding. *See Shakey's Inc. v. Leibert, et al.*, Adv. No. 82–136 (Bankr. D. Hawaii July 13, 1982). On June 30, 1983, expressing doubts on the extent of its jurisdiction over the adversary matter in light of *Marathon*, the bankruptcy court remanded Adv. No. 82–136 back to this court as Civil No. 80–517, where it now resides.

Shakey's never filed a proof of claim against the debtor in Bankr. No. 80–629 covering the damages sued for in Civil No. 80–517. The debtor now contends that Shakey's lack of a formal proof of claim robs Shakey's of status as a creditor and leaves it without standing to prosecute this appeal or to claim any of the debtor's assets.

 The debtor takes too strict a view of the requirement of filing a proof of claim. Section 501(a)'s provision for filing of proofs of claims is permissive not mandatory. *See generally* 3 Collier on Bankruptcy ¶ 501.01, at 501–2 (15th ed. 1984). Thus, Shakey's failure to file a proof of claim, albeit remiss, is not necessarily fatal to its claim. The rule in this circuit is that if the record in the bankruptcy proceedings reflects anything to show the existence, nature and amount of the claim, leave should be granted to file a tardy proof of claim. *See Sun Basin Lumber Co. v. United States*, 432 F.2d 48, 49 (9th Cir. 1970) (per curiam). Obviously, "the documents timely filed must fairly reflect the existence of a claim against the estate. It is not necessary, however, that the documents constitute a proof of claim." *Id.* The documents need only present "within the time limit ... some written instrument which brings to the attention of the court the nature and amount of the claim." *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584, 590 (9th Cir.1963). Thus, the bankruptcy court must reasonably construe documents presented to it and must allow amendment and late filing of proofs of claims when prior evidence of the claim has been submitted, despite any unfairness to creditors who may have followed the formal procedures. *In re Franciscan Vineyards, Inc.*, 597 F.2d 181, 183 (9th Cir.1979) (per curiam), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980). *Accord, e.g., In re Rite Autotronics Corp.*, 27 Bankr. 599, 603 (Bankr.App. 9th Cir.1982).

 Shakey's passes the test laid down in *Perry* and *Sun Basin Lumber* and endorsed in *In re Franciscan Vineyards*. First, Shakey's claim in Civil No. 80–517 was filed before the bankruptcy petition was filed. After the debtor intervened, the entire claim moved to the bankruptcy court as an adversary proceeding. The bankruptcy court had the adversary claim for many months before jurisdictional concerns led it to remand the claim back to this court. The adversary matter contained all of the necessary prerequisites to advise the bankruptcy court of Shakey's claim. Under Interim Bankruptcy Rule 3001(b)(3), which was in effect at the time, Shakey's could file a claim until the bankruptcy court approved the debtor's disclosure statement. The bankruptcy court entered its order confirming the statement on May 24, 1983. Accordingly, Shakey's adversary proceeding, first filed on July 13, 1982 in bankruptcy court, and other documents filed before May 24, 1983, were sufficient notice of Shakey's claim under this circuit's rule to allow it now to file a proof of claim.

Second, Shakey's has been an active participant in the bankruptcy proceeding. For example, the transcript of the bankruptcy court hearing to confirm the plan shows that the bankruptcy court and the other parties recognized Shakey's as an active participant in the case. The debtor itself intervened in the original civil action filed against the debtor's principals. This court will not now entertain objections to Shakey's claim based on the assertion that no one had notice of the claim.

Accordingly, this court concludes that Shakey's has a claim within the meaning of

11 U.S.C. § 101(4). Shakey's should be permitted to file proof of claim now.[1]

### III.

■ Before the bankruptcy court may confirm a plan of reorganization, 11 U.S.C. § 1129(a)(11) requires that it find that the plan is not likely to be followed by unanticipated liquidation or further reorganization. In other words, the plan must be feasible. Under this feasibility test, the bankruptcy court must look to the plan's projected income, expenses, assets and liabilities and determine whether the plan will leave the estate financially stable. *See, e.g., In re Huckabee Auto Co.,* 33 Bankr. 141, 145 n. 2 (Bankr.M.D.Ga.1981).

■ Shakey's claim on the estate is in the form of a complaint for damages. As such, the claim is contingent or unliquidated. Moreover, the record indicates that there seems to be no debate that waiting for the ultimate resolution of the claim in district court will unduly delay the debtor's reorganization. In 11 U.S.C. § 502(c), the Code allows the bankruptcy court to place an estimate on the value of such unliquidated claims so that their ultimate resolution does not delay the entire case. The bankruptcy court may then use its § 502(c) estimate to decide the plan's feasibility. *See In re Nova Real Estate Inv. Trust,* 23 Bankr. 62, 64 (Bankr.E.D.Va.1982).

In the present case, the bankruptcy court confirmed the plan pursuant to § 1129(a) but it did not estimate the value of Shakey's claim under § 502(c). Importantly, § 502(c)'s "language is mandatory, not permissive, and creates in the [bankruptcy] court an affirmative duty to estimate any unliquidated claim ..." such as Shakey's. *Id.* at 65. *See also In re Unit Parts Co.,* 9 Bankr. 386, 390 (W.D.Okala.1981); *see generally* 3 Collier on Bankruptcy ¶ 502.03 (15th ed. 1984). Without the benefit of an estimate of Shakey's claim, the bankruptcy court could not have adequately judged the plan's feasibility. Shakey's, not surprisingly, contends that the value of its claim is great. Whatever value the bankruptcy court ultimately places on the claim is not, however, immediately relevant. Section 502(c) requires the bankruptcy court to estimate the claim regardless of the value of the claim the claimant places on it. Until such unliquidated claims are entered into the bankruptcy court's rubric under § 1129(a)(11), the bankruptcy court is not in a position to approve the plan's feasibility.

Accordingly, this court concludes that the bankruptcy court erred by confirming the plan without considering Shakey's claim pursuant to § 502(c). The case must be remanded to the bankruptcy court to estimate Shakey's claim, *see Bittner v. Borne Chem. Co., Inc.,* 691 F.2d 134, 135 (3d Cir.1982), and to determine the plan's feasibility in light of the estimate.[2]

### IV.

IT IS THEREFORE ORDERED that the bankruptcy court's confirmation of the plan entered June 29, 1983, is VACATED;

IT IS FURTHER ORDERED that the case is REMANDED to the bankruptcy court for an estimation of claim.

---

1. Shakey's has urged this court to hold that Shakey's participation in the civil and bankruptcy proceedings alone constitutes proof of its claim. This court declines to go as far as Shakey's invites, because analysis under the *Sun Basin Lumber* line of cases adequately addresses the issue.

2. Shakey's other issues on appeal addressing the plan's validity are rendered moot by this court's vacating of the confirmation of the plan.