## In re IMMENHAUSEN CORPORATION, Debtor.

### No. 92–1807–Civ–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 10, 1993.

---

Stephen Christopher Schroeder, St. Petersburg, FL, Elihu Fier, Pryor, Cashman, Sherman & Flynn, New York City, for appellant.

Judith Ann English, Ketchey, Horan, Hearn & Neukamm, P.A., Tampa, FL, for appellee.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on an appeal from the Bankruptcy Court's Order denying the Debtor's Motion for Reconsideration and Modifying an Order Authorizing the Debtor to Employ Pryor, Cashman, Sherman & Flynn and for Related Relief entered on October 7, 1992. The Appellant contends that the Bankruptcy Court abused its discretion by limiting the ability of Appellant's bankruptcy counsel to be reimbursed for travel, lodging and food expense to or in Tampa, Florida.

### I. STATEMENT OF FACTS

On June 26, 1992, Debtor Immenhausen Corporation filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida.

On July 15, 1992, the Bankruptcy Court entered an order for Debtor to retain Pryor, Cashman, Sherman & Flynn (PCS & F) as its bankruptcy counsel. The order also authorized Elihu Fier and John Brecker to appear *pro hac vice,* and Stephen Schroeder to represent the Debtor as local Florida Counsel.

On July 31, 1992, Appellant's secured creditor Berliner Handels–Und Frankfurter Bank (BHF) moved for reconsideration and rehearing of the Retention Order. On September 15, 1992, the Bankruptcy Court authorized the Debtor to employ Elihu Fier of PCS & F as counsel. Said Order also excluded reimbursement to PCS & F for travel, lodging and food to or in Tampa, Florida other than for hearings to approve the Disclosure statement and confirmation of the Plan of reorganization. The Order also directed Debtor to file its Disclosure Statement and Plan of Reorganization on or before September 30, 1992. Debtor then moved for reconsideration and rehearing of the Order, which motion was denied October 7, 1992. Debtor filed a Notice of Appeal to the United States District Court, docketed November 17, 1992.

## II. STANDARD OF REVIEW

■ This District Court functions as an appellate court in reviewing the Bankruptcy Court's decision. 28 U.S.C. § 158(a), (c); Bankr.Rule 7052 (incorporating Fed. R.Civ.P. 52); Bankr.Rule 8013. The Court reviews the Bankruptcy Court's findings of fact in accordance with the "clearly erroneous" standard of review. Issues of law receive de novo review. *In re Chase & Sanborn Corp.,* 904 F.2d 588, 593 (11th Cir.1990).

■ This Court is not empowered to make independent factual findings; that is the function of the Bankruptcy Court. *See* Bankr.Rules 7052, 8013; *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir.1987). "If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court ... must remand the case to the bankruptcy court for the necessary factual determination." *Wegner,* 821 F.2d at 1320.

## III. DEBTOR'S SELECTION OF COUNSEL

■ The employment of an attorney in a Chapter 11 case is governed by 11 U.S.C. section 327(a) of the Bankruptcy Code, which provides that "the trustee, with the court's approval, may employ one or more attorneys, ... that are disinterested persons...." "A debtor in possession shall have all the rights ... and powers ... of a trustee ..." 11 U.S.C. § 1107. Generally, a trustee may select its own attorney without interference from creditors. *In re Professional Development Corporation,* 129 B.R. 522 (Bankr.W.D.Tenn.1991); *In re Microwave Products of America,* 104 B.R. 900, 903 (Bankr.W.D.Tenn.1989).

■ Courts have construed "disinterested" both narrowly and liberally. *Microwave Products,* 104 B.R. at 903. The bankruptcy court may authorize or deny employment on the basis of a factual assessment of the nature of the attorney's connection with the debtor, and whether employment will be in the best interest of the estate. An ongoing relationship between the debtor and the attorney does not preclude appointment. *Id.*

■ The record before this Court does not include findings of fact to support the Bankruptcy Court's modification of the Retention Order to limit representation of the Debtor to that which Mr. Fier can provide with the assistance of local counsel. Appellee has not alleged that PCS & F is interested or holds an interest adverse to the Debtor's estate. Because the record is silent, this court remands this case to the bankruptcy court for the necessary factual determination relevant to authorization of counsel for the debtor.

## IV. COMPENSATION FOR TRAVEL, MEALS AND LODGING

The Bankruptcy Court has authorized Debtor's counsel Mr. Fier to travel to Tampa, Florida for hearing on approval of the disclosure statement and confirmation of the Plan. The court stated that no other travel, lodging and food costs will be reim-

bursed. (Order Granting Motion for Reconsideration and Modifying on Order Authorizing Debtor to Employ Pryor, Cashman, Sherman & Flynn at Item 2).

■ The Bankruptcy Court's empowerment to approve the appointment of counsel necessarily includes the power to limit the scope of that representation. *Microwave Products*, 104 B.R. at 902. It is reasonable for the court to refuse reimbursement for travel, lodging and food unrelated to the representation the court has authorized.

■ In the event the scope of representation or authorization regarding representation is modified, then the court should reimburse reasonable expenses not attributable to overhead in accordance with section 330 of the Bankruptcy Code. *In re BiCoastal Corp.*, 121 B.R. 653 (Bankr. M.D.Fla.1990).

**ORDERED** that the case is remanded back to the Bankruptcy Court for factual determination relative to Debtor's choice of counsel and an authorization based thereon, as well as a ruling on compensation of reasonable expenses for travel, food and lodging in accordance with that authorization.

**DONE AND ORDERED.**