**William T. DERAMUS, Jr., and Alice B. Deramus, d/b/a Deramus Loggins, Appellants,**

v.

**The BANK OF PRATTVILLE, Appellee.**

Civ. A. No. 94–D–446–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 7, 1995.

Charles P. Miller, Montgomery, AL, for appellants.

J. Myron Smith and Robert Lester Martin, III, Prattville, AL, for appellee.

## MEMORANDUM OPINION AND ORDER

DeMENT, District Judge.

This matter is presently before the court on appeal from the United States Bankruptcy Court for the Middle District of Alabama, filed May 5, 1994. Appellee filed a brief in support of the bankruptcy court's decision on May 27, 1994. For reasons set forth herein, the decision of the bankruptcy court is due to be reversed and remanded.

## JURISDICTION

This action is properly before the court because it is on appeal from a final order of the United States Bankruptcy Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 158(a). Personal jurisdiction and venue are not contested.

## PROCEDURAL HISTORY/FACTS

William T. DeRamus, Jr. and Alice R. DeRamus, d/b/a DeRamus Logging, (collectively the "Debtors" or the "Appellants") filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 1101 *et seq.*, on November 6, 1992, in the Bankruptcy Court for the Middle District of Alabama. According to the Bank of Prattville (hereinafter "Appellee" or the "Creditor"), Appellants, in their schedules attached to their bankruptcy petition, listed the Bank of Prattville as holding a secured claim of $265,415.68 with real estate and equipment listed as collateral, which has a stated value of $411,900.00. However, Appellee remarks that Appellants posted its claim as contingent and disputed.[1] On November 12, 1992, the Bankruptcy Court set a bar date for creditors filing

proofs of claims pursuant to Rules 2002(a)(8) and 3003(c)(3) of the *Federal Rules of Bankruptcy Procedure.* The bankruptcy's court order set forth the following:

"The debtors have filed or will file a list of creditors pursuant to Rule 1007. Any creditors holding a claim which is not listed as disputed, contingent or unliquidated as to amount, may, but need not, file a proof of claim in this case. Creditors whose claims are not listed or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim on or before *February 16, 1993*, pursuant to Rule 3003(c). Any creditor who desires to rely on the list has the responsibility for determining that he is accurately listed" (boldface and italics added).

On June 3, 1992, Debtors filed their initial "Chapter 11 Plan of Reorganization." Debtors filed their First Amended Plan of Reorganization on September 20, 1993. According to the Amended Plan,

'Allowed Claim' shall mean a claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3001 . . . . which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by . . . . an order of the Court. . . .

The First Amended Plan of Reorganization also provided that Creditor's undersecured or deficiency claims, along with those of AmSouth Bank, N.A. and Colonial Bank, totaled approximately $175,975.00. Debtors proposed to pay the claims in this class five percent (5%) of the allowed amount with interest, to be paid quarterly, at six percent (6%) per annum over 60 months.

Paragraph VI, subsection B, of Appellants' First Amended Plan of Reorganization enunciated Debtors' proposed guidelines for the determination of claims. Pursuant to this provision,

[p]re-petition claims not scheduled by the Debtors, or in an amount different from those scheduled, must be filed by the 'Bar

---

1. *See* Appellee Reply Br., p. 1.

Date' to be set by Order of the Court.... Any claims not filed by the bar date and not otherwise scheduled by the Debtors will not receive a distribution under the Plan.

Under subsection C, Debtors retained the right to object to any claims filed or scheduled by the debtors at any time prior to the Effective Date of the Plan.[2]

Subsequently, as Creditor characterizes it, a protracted series of hearings, adversary proceedings, and amendments to the Debtor's Plan transpired. In all, Debtors filed four additional amended plans of reorganization. Debtors consummated their fifth and final amended plan on November 9, 1993.

Creditor filed its Proof of Claim on October 5, 1993. The Bankruptcy Court entered an order on November 10, 1993, confirming Debtors' modified Plan of Reorganization. On January 11, 1994, Debtors objected to the Creditor's proof of claim as being untimely. Debtors contend that the November 12, 1992, order of the bankruptcy court required the Creditor to file its proof of claim by February 16, 1993, in order for the claim to be considered in the distribution of Debtor's assets. The Bankruptcy Court held a hearing on Debtors' objection on March 15, 1994. The bankruptcy court, with scant factual findings, entered an order on March 16, 1994, dismissing the Debtors' objection as moot. Debtors filed their Notice of Appeal to the United District Court on March 25, 1994.

## STANDARD OF REVIEW

■ District courts function as tribunals of appellate jurisdiction when reviewing the determinations of bankruptcy courts and, therefore, apply the identical standards as those tribunals governing appellate review in other cases. *See e.g., Umholtz v. Brady,* 169

2. Paragraph VI, subsection C, provides the following:

> *Objection to Claims.* The Debtors shall have the right to object to any claims filed or scheduled by the Debtors at any time prior to the Effective Date of the Plan. If any objection to a claim is pending as of the Effective Date of the Plan, all proceeds payable to the Claimant shall be placed in an interest bearing account pending final determination of the objection.

3. Rule 8013 provides:

B.R. 569, 172 (E.D.N.C.1993); *In re Immenhausen Corp.,* 159 B.R. 45, 47 (M.D.Fla. 1993); *In re Harbour Lights Marina, Inc.,* 153 B.R. 781, 782 (S.D.Ohio 1993), *see also* Fed.R.Bkrcy.P. 8013;[3] 28 U.S.C. § 158(a). Thus, the court applies a "clearly erroneous" standard of review when scrutinizing a bankruptcy court's factual findings, *In re Immenhausen Corp.,* 159 B.R. at 47; *In re Harbour Lights Marina, Inc.,* 153 B.R. at 782. A bankruptcy court's conclusions of law are reviewed *de novo. See e.g., In re Chase & Sanborn Corp.,* 904 F.2d 588, 593 (11th Cir. 1990), *see also, In re Pizza of Hawaii, Inc.,* 40 B.R. 1014 (Bkrcy.D.Hawaii 1984) *aff'd,* 761 F.2d 1374 (9th Cir.1985); *Goldsby v. Stewart,* 46 B.R. 692 (S.D.Ala.1983); *In re Emmer Bros. Co.,* 52 B.R. 385 (D.Minn.1985).

Because district courts are not empowered to engage in independent fact finding, "[i]f the bankruptcy court's findings of fact are silent or ambiguous as to an outcome determinative factual question, the district court *must* remand the case to the bankruptcy court for the necessary factual determination." *In re Immenhausen Corp.,* 159 B.R. at 47 (quoting *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir.1987)) (boldface and italics added).

## DISCUSSION

■ Appellants contend that the bankruptcy court committed reversible error in dismissing their objection to the untimely proof of claim filed by Appellee, seven months and nineteen days after the bar date enunciated by the bankruptcy court. Appellants also aver that Appellee is prohibited by law from receiving any distribution under Appellants' modified plan of reorganization as a result of its failure to timely file a proof

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgement, order, or decree or remand with instructions for further proceedings. Findings of facts, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

of claim within the bankruptcy court's bar date.

Appellants claim that the bankruptcy court erred by not considering Appellants' First and Second Amended Plans of Reorganization. Appellants assert that their First and Second Amended Plans of Reorganization were incorporated in Debtor's Confirmed Modified Plan of Reorganization. Specifically, Appellants contend that the bankruptcy court erred by not enforcing the absolute statutory requirements, which would have barred Creditor's untimely filed Proof of Claim. Therefore, Appellants contend that the Bankruptcy Court's ruling is due to be reversed.

■ Rule 3003 of the *Federal Rules of Bankruptcy Procedure,* provides, "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed.R.Bkrcy.P. 3003(a)(3). This provision must be read in conjunction with Rule 9006, which generally permits a creditor to extend time to file a proof of claim after the originally prescribed bar date. Bankruptcy courts may permit creditors to file proofs of claim after the expiration of the originally prescribed bar date following a motion and upon demonstration that the failure to timely file was the "result of excusable neglect." Fed.R.Bkrcy.P. 9006(b). Because Appellee made no motion for extension of time to file its Proof of Claim, Appellants contend that the Bankruptcy Court lacked the discretion to even entertain the issue of whether Appellee's reason for not timely filing its Proof of Claim was due to excusable neglect.

The Bankruptcy Court appeared to rely, at least in part, on *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In *Pioneer,* the United States Supreme Court explained that Rule 3003(c) of the Federal Rules of Bankruptcy Procedure enumerates the requirements for filing proofs of claim in Chapter 11 Reorganization cases and stated that Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing if the creditor's failure to comply with an earlier deadline was the product of excusable neglect. *Pioneer,* 507 U.S. at ——, 113 S.Ct. at 1491–92.[4] The *Pioneer* Court stated that inadvertence, miscalculation, or negligence all may constitute good cause for failing to comply with a court-ordered bar date for filing proofs of claim. *Pioneer,* 507 U.S. at ——, 113 S.Ct. at 1494.

■ Since the determination of whether the excusable neglect defense is available is equitable in nature, the court must consider all relevant circumstances surrounding Creditor's omission. *Pioneer,* 507 U.S. at ——, 113 S.Ct. at 1498. These circumstances include: the danger of prejudice to the debtor, the length of the delay and its potential effect on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the creditor, and whether the creditor behaved in good faith in failing to timely file its proof of claim. *Id.* (citing *In re Pioneer Investment Services Co.,* 943 F.2d 673, 677 (6th Cir.1991)). After assessing the circumstances of the action before it, the *Pioneer* Court ultimately concluded that the creditor's omission constituted excusable neglect and held that the creditor could lawfully assert its claim to the debtor's assets. *Id.*

However, in *Pioneer* the creditor filed a motion to enlarge time in which to file its proof of claim, although it failed to timely file its proof of claim. *Pioneer,* 507 U.S. at ——, 113 S.Ct. at 1492.[5] In the case at bar, the Creditor failed to file a motion to extend before filing its proof of claim. Appellants

---

4. Rule 9006(b) of the Federal Rules of Bankruptcy Procedure provides:

(1) .... when an act is required or allowed to be done at or within a specified period.... by an order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the enlargement of time if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion after the expiration of the specified period permit the act to be done where the failure to act was the product of excusable neglect.

Fed.R.Bkrcy.P. 9006(b)(1).

5. In *Pioneer,* the creditor simultaneously filed its motion to enlarge time and its proof of claim. *See id.*

contend that because the Creditor failed to file a motion for extension of time, the bankruptcy court lacked the discretionary authority to permit the Creditor to untimely file its proof of claim.

The court deems it unnecessary to microanalyze the nuances of federal bankruptcy procedure. However, the court does find that the Bankruptcy Court failed to construct a sufficient factual foundation in suggesting that the Creditor's failure to timely file its proof of claim was the product of "excusable neglect." The court does note that the Federal Rules of Bankruptcy Procedure do not expressly permit bankruptcy judges to allow creditors (subjected to a court-instituted bar date) to bring untimely proofs of claim without first moving to do so.[6] Moreover, appellee points to no authority which supports this proposition.

The Bankruptcy Court found that Appellants' Fifth Amended Plan of Reorganization, which it ultimately confirmed, is binding on the parties. The Bankruptcy Court noted that the Confirmed Plan provided for The Bank of Prattville to receive one hundred forty-two thousand, seven hundred and no/100 dollars ($142,700.00). Essentially and effectively, the Bankruptcy Court found that the Confirmed Plan supplanted all previous plans of reorganization, as well as its original bar date of February 16, 1993.

Section 1141, U.S.C. 11, provides:

... the provisions of a confirmed plan bind the debtor, ... and any creditor ... whether or not the claim or interest of such creditor ... is impaired under the plan and whether or not such creditor has accepted the plan.

11 U.S.C. 1141(a). Appellants claim that the plan ultimately confirmed by the Bankruptcy Court incorporated all terms of the First and Second Amended Plans of Reorganization, except those expressly amended by the Fifth Amended Plan of Reorganization (the Confirmed Plan).[7]

The court below also found that the Debtors' Fifth Amended Plan of Reorganization—the plan ultimately ratified by the Bankruptcy court—recognized the Creditor's claim. The court found that because Appellants acknowledged the Bank's existence as a creditor, whose interest was secured by certain property, the bank somehow become a secured creditor. Therefore, it mattered not when the Creditor filed its proof of claim, as filing was not a prerequisite to partake in the distribution of the Debtors' liquidated estate.

Once again, the court finds that the bankruptcy court's factual premise(s) are deficient. The bankruptcy court does not articulate with sufficient specificity how Appellants' Amended Plans of Reorganization (I–IV) are related to the plan it ultimately confirmed. As previously noted, Appellee concedes that its claim was designated as being "disputed and contingent," and the bankruptcy court, in its November 12, 1992, confirmation order, stated that creditors with claims falling in this category must file proofs of claim by February 16, 1993, in order to be considered for a share of the Debtor's assets.

The court also finds it noteworthy to point out that the plan of reorganization confirmed

---

6. When a creditor files a motion after the bar date set by the bankruptcy court, the bankruptcy court then exercises its equitable powers and determines whether the creditor's failure to timely file its proof of claim is attributable to excusable neglect. As the United States Fifth Circuit Court of Appeals stated in *Omni Manufacturing, Inc. v. Smith*, 21 F.3d 660 (5th Cir.1994):

"Rule 3003(c)(3), read together with Rule 9006(b)(1), asks first whether the request for enlargement of time was made before the deadline expired. In this case, that deadline long since had expired. Thus, the crux of the matter is.... whether the failure was a result of excusable neglect."

*Smith*, 21 F.3d at 666.

7. The Debtors Fifth Amended Plan of Reorganization states in relevant part:

"5. ... The balance of Bank of Prattville's claim in the approximate amount of $159,-000.00 is secured in part by a 1985 Mack Tractor Truck, a 1978 John Deere Tractor, and a 32 foot Chip Van, (total value $15,200.00) which will be paid as a Class VII creditor. The unsecured balance of approximately $142,700.00 will be paid in accordance with the treatment as provided in Class VIII.

\* \* \* \* \* \*

18. Debtors' First and Second Amended Chapter 11 Plans of Reorganization remain the same in all other respects other than the amendments contained herein and is hereby submitted to the Court for Confirmation."

**670**

by the bankruptcy court unequivocally expressed that the First and Second Amended Plans of Reorganization were to remain in full effect. As stated previously, the Creditor acknowledges that its claim was classified as disputed and contingent under Debtors' original Plan of Reorganization. Nothing in the Fifth Amended Plan of Reorganization extinguishes the Creditor's status.

### CONCLUSION

The Creditor failed to timely file its proof of claim. Moreover, the Creditor did not file a motion to extend time to file its proof of claim. The bankruptcy court alluded to the United States Supreme Court's decision in *Pioneer* when pronouncing its finding. The bankruptcy court also found that since Appellants recognized Appellee's claim in the plan which was ultimately confirmed, it denied Appellant's objection as moot. However, the court finds that the Bankruptcy Court's decision suffers for a want of dispositive factual premises; therefore, the Court finds that the bankruptcy court's decision is due to be reversed and remanded. In accordance with the findings herein espoused, it is

CONSIDERED, ORDERED and ADJUDGED that the bankruptcy court's order denying the Debtor's objection as moot be and the same is hereby REVERSED. It is further

CONSIDERED and ORDERED that this cause be and the same is hereby REMANDED to the United States Bankruptcy Court for the Middle District of Alabama for proceedings not inconsistent with this opinion.

The Clerk of court is DIRECTED to take the necessary action to effect said REMAND.