Lynne M. MacELVAIN, Debtor/Appellant,

v.

**INTERNAL REVENUE SERVICE,**
**Appellee.**

Civ. A. No. 93–D–1230–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 31, 1995.

William B. Sellers, George W. Thomas, Samuel Kaufman, Montgomery, AL, for debtor/appellant.

John Droscoll, Office of Dist. Counsel, Birmingham, AL, James Eldon Wilson, U.S. Atty., Patricia Allen Conover, Asst. U.S. Atty., Montgomery, AL, Michael L. Paup, Steven Shapiro, Carol Koehler Ide, Dept. of Justice, Tax Div., Washington, DC, for appellee.

### MEMORANDUM OPINION

DeMENT, District Judge.

The above-styled action is before the court on appeal from the August 9, 1993, final decree of the United States Bankruptcy Court for the Middle District of Alabama. The bankruptcy court found that Lynne E. MacElvain (hereinafter "MacElvain" or "the Debtor–Appellant") filed her Chapter 11 plan of reorganization in bad faith and dismissed her plan of reorganization. On August 12, 1993, the Debtor–Appellant filed a Motion to Reconsider. Following a hearing, the bankruptcy court denied this motion on August 31, 1993. MacElvain then filed a timely Notice of Appeal to the United States District Court for the Middle District of Alabama on September 8, 1993. For reasons set forth herein, the bankruptcy court's ruling is due to be affirmed.

### JURISDICTION

This action is properly before the court because it is on appeal from a final order of the United States Bankruptcy Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 158(a).[1] Personal jurisdiction and venue are not contested.

---

1. Pursuant to 28 U.S.C. § 1331, the federal district courts have "original jurisdiction of all civil actions arising under the.... laws.... of the United States."

## PROCEDURAL HISTORY/FACTS

The controlling facts of this case are not in serious dispute. On January 21, 1993, the Internal Revenue Service (hereinafter the "IRS" or the "Appellee") commenced seizure, via a levy for nonpayment of taxes, of MacElvain's home.[2] MacElvain filed a chapter 11 petition on January 22, 1993. The Debtor admittedly began the chapter 11 proceeding to halt the seizure and sale of the aforementioned property.

The Debtor is a housewife and unemployed. Her annual income is realized through inherited stocks, bonds, and rental properties which produce approximately thirty thousand dollars ($30,000) annually. The bankruptcy court found that the Debtor's living expenses, including taxes, insurance, and maintenance on real property, consume nearly all of MacElvain's income.[3] The Debtor estimates that the value of her real and personal property total approximately six hundred sixty thousand dollars ($660,-000).[4]

The IRS filed a tax claim against MacElvain in the amount of $828,304.[5] Subsequently, the Alabama Department of Revenue (hereinafter the "Department") likewise filed tax claims in the amount of $941,747. The aggregate of these taxing entities equals one million seven hundred seventy thousand fifty-one dollars ($1,770,051). These claims represent the extent of the disputed claims against MacElvain.[6]

On May 17, 1993, MacElvain filed a Chapter 11 plan and disclosure statement. The plan provides for the determination of the Debtor–Appellant's bankruptcy liability and payment of the taxes by liquidation of estate property. MacElvain, via the Plan, proposes to pay secured tax claims in full "through a process of liquidation and monthly payments" over a fifteen year period, while fulfilling her obligation to unsecured creditors over a six-year span.

Subsequently, the IRS filed a motion to dismiss the Debtor's plan of reorganization asserting that the Debtor did not file the petition in good faith. On June 29, 1993, the United States Bankruptcy Court for the Middle District of Alabama held a hearing on the IRS's motion and found that MacElvain filed her Chapter 11 Plan of Reorganization in bad faith. Therefore, the bankruptcy court dismissed the Debtor's petition for reorganization. After the bankruptcy court denied her Motion to Reconsider, MacElvain then appealed the bankruptcy court's final order to this court.

## STANDARD OF REVIEW

District courts function as tribunals of appellate jurisdiction when reviewing the determinations of bankruptcy courts and, therefore, apply the identical standards as those tribunals governing appellate review in other cases. *See e.g., Umholtz v. Brady,* 169 B.R. 569, 572 (E.D.N.C.1993); *In re Immenhausen Corp.,* 159 B.R. 45, 47 (M.D.Fla. 1993); *In re Harbour Lights Marina, Inc.,* 153 B.R. 781, 782 (S.D.Ohio 1993), *see also* Fed.R.Bkrcy.P. 8013;[7] 28 U.S.C. § 158(a).

---

2. The personal property seized by the IRS includes household furniture and furnishings, household goods, jewelry, and coin collections.

3. According to the I and J Schedules executed by the Debtor, the Debtor's expenditures total twenty-six thousand seven hundred ninety-six dollars ($26,796). This sum does not include all of the Debtor's real property taxes and insurance, neither is the monthly six hundred dollar ($600) adequate protection payment due the IRS.

4. MacElvain owns real property consisting of her home, a commercial building leased to Mooty's Business Supply, Inc., and one-half interest in a condominium situated in Panama City, Florida.

5. The Creditor–Appellee filed a secured claim in the amount of $436,553 and an unsecured priority claim in the amount of $339,310. The residu-

um of the IRS's claim is a general unsecured claim.

6. The claims of other creditors amount to nearly ten thousand dollars ($10,000) and are undisputed.

7. Rule 8013 provides:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgement, order, or decree or remand with instructions for further proceedings. Findings of facts, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Thus, the court applies a "clearly erroneous" standard of review when scrutinizing a bankruptcy court's factual findings, *In re Immenhausen Corp.*, 159 B.R. at 47; *In re Harbour Lights Marina, Inc.*, 153 B.R. at 782. A bankruptcy court's conclusions of law are reviewed *de novo. See e.g., In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir. 1990), *see also, In re Pizza of Hawaii, Inc.*, 40 B.R. 1014 (D.C.Hawaii 1984) *aff'd,* 761 F.2d 1374 (9th Cir.1985); *Goldsby v. Stewart,* 46 B.R. 692 (S.D.Ala.1983); *In re Emmer Bros. Co.*, 52 B.R. 385 (D.Minn.1985).

Because district courts are not empowered to engage in independent fact finding, "[i]f the bankruptcy court's findings of fact are silent or ambiguous as to an outcome determinative factual question, the district court must remand the case to the bankruptcy court for the necessary factual determination." *In re Immenhausen Corp.*, 159 B.R. at 47 (quoting *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir.1987)).

## DISCUSSION & ANALYSIS

This action presents a single issue: whether the bankruptcy court abused its discretion in dismissing the Debtor–Appellant's bankruptcy case on the ground of bad faith. The Debtor–Appellant contends that the court below abused its discretion by finding that she petitioned for Chapter 11 reorganization in bad faith. MacElvain claims that her purpose for filing the Chapter 11 plan of reorganization was not to deprive any deserving creditor or to impede the orderly collection of debt.[8] Because the bankruptcy court allegedly abused its equitable discretion in dismissing her bankruptcy case, MacElvain contends that the bankruptcy court's ruling is due to be denied.

The bankruptcy court made the following findings:

a. MacElvain filed the chapter 11 petition "admittedly to stop the seizure and sale of the property," 160 B.R. 672, 673, and "[t]he timing of the filing of the petition evidences an intent to delay or frustrate the legitimate collection of taxes." 160 B.R. at 675.

b. "The debtor does not own sufficient property to nor generate sufficient income to fund a plan of reorganization"; therefore, it is unlikely that the Debtor can effectuate a plan to meet the strictures of the Bankruptcy Code. 160 B.R. at 674 n. 11.[9]

c. The IRS can liquidate the Debtor's assets less expensively than in a chapter 11 proceeding. 160 B.R. at 674 n. 12.

d. MacElvain did not attempt, prior to the bankruptcy petition, to settle her dispute with the IRS, other than to advance typical tax protestor contentions. 160 B.R. at 674 and n. 13.[10]

e. The debtor filed bankruptcy one day after commencement of the seizure by the Internal Revenue Service. The timing of the filing evidences an intent to delay or frustrate the legitimate collection of taxes. 160 B.R. at 675.

In this particular case, the only response I got from Ms. MacElvain I received in August [1992] and also, I believe, in October [1992]. I received a series of letters, all of which were questioning my knowledge of the tax laws, my authority to do my job, my authority to issue notices. They were the letters that, in my experience, are the type of letters that you associate with protestor movements.... There was never any correspondence or telephone conversation with Ms. MacElvain that indicated that she wanted to discuss working out the tax liability.

The bankruptcy court noted the letters referred to by the IRS revenue officer were admitted in evidence and substantiates the foregoing testimony.

---

8. The Debtor–Appellant articulated the following reasons for her proposed chapter 11 reorganization plan: 1) concern for the value of her property; 2) preservation of needed assets; 3) determination of her debts; 3) orderly partial liquidation of assets; 4) allotment of time to meet her financial obligations to creditors; and protection of equity for her unsecured creditors. See Appellant–Debtor's Brief, pp. 5–7.

9. Section 1129 requires the debtor to demonstrate the ability to pay her priority claims in full within six years of assessment. 11 U.S.C. § 1129(a)(9)(C). If the debtor cannot so demonstrate, she will be unable to "effectuate a plan" which is sufficient justification for dismissal. *See* 11 U.S.C. § 1112(b)(2).

10. During the hearing on the IRS's Motion to Dismiss, the IRS revenue officer testified:

f. Debtor–Appellant offered no tangible proof of her ability to reorganize. 160 B.R. at 675.

■ Based on these findings, the bankruptcy court found that Appellant's Chapter 11 case was the product of bad faith. Unless the bankruptcy court's findings constitute an arbitrary and capricious conclusion, the court cannot disturb them. The United States Supreme Court has stated the scope of review under the "arbitrary and capricious" standard is narrow. *Motor Vehicles Manufacturers Association v. State Farm Mutual Automobile Insurance Company,* 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983).

The court finds that the Debtor–Appellant has offered nothing to convince the court that the bankruptcy court's findings are arbitrary and capricious. In fact, MacElvain does not so much as aver that the foregoing findings should not withstand appellate scrutiny. Therefore, the court adopts the factual findings of the court below.

■ Chapter 11 permits a court to dismiss, for cause, a case if to do so is in the best interest of creditors and the debtor's estate. 11 U.S.C. § 1112(b). Section 1112 of the Bankruptcy Code enumerates nine exam-

ples of cause, but this list does not represent an exhaustive enumeration, *see In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir. 1984),[11] as "[t]he court will be able to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases." H.R.Rep. No. 595, 95 Cong., 1st Sess. 406 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6362. Therefore, the determination of cause under 11 U.S.C. § 1112(b) is "subject to judicial discretion under the circumstances of each case." *In re Albany Partners,* 749 F.2d at 674 (quoting *In the Matter of Nancant,* 8 B.R. 1005, 1006 (Bankr.D.Mass.1981)).

■ A Chapter 11 plan of reorganization must be submitted in good faith. 11 U.S.C. § 1129(a)(3); *see also* 5 *Collier on Bankruptcy* ¶ 1129.02[3][a] (15th ed. 1981); *In re Coastal Cable T.V., Inc.,* 709 F.2d 762, 764 (1st Cir.1983). A bankruptcy petition not filed· in good faith provides sufficient cause to dismiss the bankruptcy action.[12] *See In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir.1984); *Furness v. Lilienfield,* 35 B.R. 1006, 1011 (D.Md.1983). There is no precise test for determining whether a debtor filed a bankruptcy petition in good faith; however, "the courts may consider any factors which evidence 'an intent to abuse the

11. Section 1112 provides a non-exhaustive list of consequences which would justify a finding of sufficient cause to dismiss a chapter 11 case or plan of reorganization. This enumeration includes the following:

> (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
> (2) inability to effectuate a plan;
> (3) unreasonable delay by the debtor that is prejudicial to creditors;
> (4) failure to propose a plan under section 1121 ... within any time fixed by the court;
> (5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or modification of a plan;
> (6) revocation of an order of confirmation.... and denial of confirmation of another plan or a modified plan....;
> (7) inability to effectuate substantial consummation of a confirmed plan;
> (8) material default by the debtor with respect to a confirmed plan;
> (9) termination of a plan by reason of the occurrence of a condition specified in the plan; or

> (10) nonpayment of any fees or charges required....

11 U.S.C. § 1112(b).

12. In *Furness,* the court pointed out:

> ".... the 'good-faith' requirement has long been the policing mechanism of bankruptcy courts to make certain that those who invoke the reorganization or rehabilitation provisions of the bankruptcy law do so only to accomplish the aims and objectives of bankruptcy philosophy and policy and for no other purpose.
> A good-faith requirement protects the jurisdictional integrity of the bankruptcy courts which sit in equity and therefore demand that a party seeking relief enter with clean hands. The good-faith requirement provides courts with the necessary tool to circumvent a petitioner's attempt to commit fraud upon the court. Thus, 'petitioners with demonstrably frivolous purposes absent any economic reality' are forestalled from invoking the protection of the bankruptcy laws. In short, a good-faith requirement guards against jurisdictional abuse as well as the misuse and manipulation of bankruptcy remedies."

*Furness,* 35 B.R. at 1011 (citations omitted).

judicial process and the purposes of the reorganization provisions' or, particular factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir.1988) (quoting *In re Albany Partners*, 749 F.2d at 674); *see also In re Eden Associates*, 13 B.R. 578, 583–85 (Bankr. S.D.N.Y.1981); *In re Victory Construction Co., Inc.*, 9 B.R. 549, 555–56, 558, 564–65 (Bankr.C.D.Cal.1981); *In re G–2 Realty Trust*, 6 B.R. 549, 552–54 (Bankr.D.Mass. 1980); *In re Dutch Flat Investment Co.*, 6 B.R. 470, 471–72 (Bankr.N.D.Cal.1980).

■ An arguable relation between the chapter 11 plan and the reorganization purposes that the chapter was designed to serve must exist. *In re Coastal Cable T.V., Inc.*, 709 F.2d at 764 (citing *In re Nikron, Inc.*, 27 B.R. 773, 778 (Bankr.E.D.Mich.1983); *In re Nite Lite Inns*, 17 B.R. 367, 370 (Bankr. S.D.Cal.1982); *In re BBT*, 11 B.R. 224, 235 (Bankr.D.Nev.1981)). However, even assuming such a relationship exists in the instant action, this does not necessarily compel a finding that the bankruptcy court committed reversible error so long as sufficient evidentiary support exists for its findings. *In re Phoenix Piccadilly*, 849 F.2d at 1394 (citing *In re T & B General Contracting, Inc.*, 833 F.2d 1455 (11th Cir.1987)).

■ MacElvain argues that in considering a motion to dismiss this case for absence of good faith, the court is being asked to consider whether there is an arguable relationship between the filing of the Chapter 11 case and the reorganization-related purposes of Chapter 11. Essentially, MacElvain argues that so long as such a relationship exists, the court ruling on a motion to dismiss is obliged to deny the motion to dismiss. The court does not share Appellant's interpretation. Following Appellant's reasoning, the expression of a relationship between the filing of a Chapter 11 plan of reorganization and the reorganization-related purposes would necessarily preclude the possibility of a finding of bad faith. The court finds little merit in Debtor-Appellant's argument for at least two reasons.

To begin, an articulated purpose is frequently contradicted by an objective analysis of actual data and probable stimuli. Often, futility is the result of assessing veracity in the absence of objective data and/or empirical evidence. Moreover, the actual existence of a relationship between the filing of a Chapter 11 petition and the reorganization-related purposes of Chapter 11 does not necessarily exclude the presence of bad faith. Therefore, the court finds that the *Coastal Cable* court merely set forth the minimum finding to support an endorsement of a proposed bankruptcy reorganization plan.

Here, the bankruptcy court found that the Debtor-Appellant filed her bankruptcy case in bad faith. The bankruptcy court made specific and unrebutted findings to substantiate its conclusion. The court finds that these findings are sufficient to support the bankruptcy court's determination. Even assuming that Debtor-Appellant's purported legitimate reasons for filing bankruptcy were true, they do not, standing alone, evidence an abuse of discretion. Without a showing that the bankruptcy court misapplied the facts or did not possess sufficient facts to conclude that the Debtor-Appellant acted in bad faith, the bankruptcy court's ruling is due to be affirmed.

## CONCLUSION

The court has heretofore determined that the bankruptcy court's factual findings are not arbitrary and capricious. The court finds that these findings are sufficient to support the conclusion that Appellant filed her Chapter 11 plan of reorganization in bad faith; therefore, the court finds that the bankruptcy court did not abuse its discretion in dismissing Appellant's bankruptcy action. Accordingly, the bankruptcy court's ruling is due to be affirmed.

A judgment in accordance with this memorandum opinion shall be entered separately.