USCA1 Opinion

 

 September 16, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1097 JAMES E. COFIELD, JR., Appellant, v. FIRST WISCONSIN TRUST COMPANY, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ____________________ James E. Cofield, Jr. on brief pro se. _____________________ Alan B. Rubenstein, Mary L. Gallant and Rackemann, Sawyer & ___________________ _________________ _____________________ Brewster on brief for appellee. ________ ____________________ ____________________ Per Curiam. Appellant James E. Cofield appeals ___________ from the judgment of the district court affirming the bankruptcy court's dismissal of his chapter 11 petition "for cause." See 11 U.S.C. 1112(b). We have reviewed the ___ record and the briefs on appeal and affirm the district court's judgment for essentially the reasons stated in the Memorandum and Order, dated December 14, 1995. We add only two comments. 1. The bankruptcy court was entitled to consider, and rule on, the practicability of appellant's proposed reorganization plan in determining whether his chapter 11 petition was filed in bad faith for purposes of 1112(b). See In re MacElvain, 160 B.R. 672 (Bankr. M.D. Ala. 1993) ___ ________________ (bankruptcy court reviewed, and found inadequate, the proposed reorganization plan in deciding whether to dismiss a chapter 11 petition under 1112(b)), aff'd, 180 B.R. 670 _____ (M.D. Ala. 1995). 2. As for the correctness of the bankruptcy court's factual findings, appellant's only contention on appeal is that there was no support for such findings as "argued in the briefs in the district court." A reference to lower court pleadings is insufficient to preserve for appeal the question of the correctness of the bankruptcy court's findings. See Gilday v. Callahan, 59 F.3d 257, 273 n.23 (1st ___ ______ ________ Cir. 1995) (a reference to arguments made in the district -2- court is not sufficient to warrant appellate review), cert. _____ denied, 116 S.Ct. 1269 (1996). Thus, appellant has waived ______ the issue on appeal. Affirmed. See Local Rule 27.1. ________ ___ -3-